ELLIS PATTON V. THE STATE.

No. 10337.   Delivered October 6, 1926.

1.—Rape—Indictment—Sufficiency Of.

Under an indictment which charges that the defendant "did make an assault upon, and did then and there have carnal knowledge, etc." of prosecutrix, averred to be under fifteen years of age, a conviction will be sustained upon proof of either rape by force or by acquiescence of a female, whose age was below eighteen years. Following Buchanan v. State, 41 Tex. Crim. Rep. 127.

2.—Same—Continued.

Such an indictment by use of the word "ravish" charges rape by force,

but the additional words "have carnal knowledge," embraced in the same count, permits proof of the other phase of rape. Following Dyer v. State, 283 S. W. 820.

### 3.—Same—Insanity—Charge On—Approved.

In submitting the issue of insanity in this case, the trial court used a charge recommended in Willson's Criminal Forms No. 930. This charge has been sanctioned by this court in numerous decisions handed down. See Webb v. State, 5 Tex. Crim. App. 596, and other cases cited in this opinion.

### 4.—Same—Election by State—Waived by Appellant.

Where, on a trial for rape, evidence is admitted of three acts of carnal intercourse by appellant with prosecutrix, and no demand by appellant for an election as to the transaction relied upon, and all of the acts embraced in the evidence occurred on or about the date alleged in the indictment, the jury would be authorized to convict upon either of the acts established.

### 5.—Same—Argument of Counsel—Held, Not Error.

Where, on a trial for rape, the appellant not having testified in his own behalf and the evidence disclosing that prosecutrix's mother was present when one act of intercourse was committed, and also that she was available to appellant upon the trial as a witness, but was not used, the statement of prosecuting attorney in his argument, "That little girl, Lillie May Patton, testified to this act as charged, but stands here uncontradicted. * * * You have heard her testimony, and that little girl stands here uncontradicted," cannot be construed as a comment on or reference to the appellant's failure to testify as a witness in his own behalf.

### 6.—Same—Defendant's Failure to Testify—Statute Construed.

Our statute, Art. 710, C. C. P. 1925, provides, in effect, that counsel for the state, in argument, must refrain from commenting on the silence of accused, either directly or indirectly. To come within this prohibition, the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own, and where there is other evidence, or the absence of other evidence, to which the remarks may have reasonably been applied by the jury, the statute is not transgressed. Following Boone v. State, 90 Tex. Crim. Rep. 377.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*J. K. Brim* and *Grover Sellers* of Sulphur Springs, for appellant. In support of his contention that the argument of prosecuting attorney was in violation of Art. 710, C. C. P. 1925, appellant cites:

Vickers v. State, 154 S. W. 580.

Boone v. State, 235 S. W. 582.
Scarborough v. State, 263 S. W. 918.
Gothard v. State, 270 S. W. 178.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape, punishment fixed at confinement in the penitentiary for a period of five years.

In the indictment it is charged that the appellant "did make an assault upon and did then and there ravish and have carnal knowledge," etc. The prosecutrix was averred to be under fifteen years of age. Under this indictment, a conviction could be sustained upon proof of either rape by force or by acquiescence of a female whose age was below eighteen years. See Buchanan v. State, 41 Tex. Crim. Rep. 127. Such an indictment, by the use of the word "ravish," charges rape by force, but the additional words, "have carnal knowledge," embraced in the same count permits proof of the other phases of rape. See Dyer v. State, 283 S. W. 820.

In instructing the jury upon the issue of insanity, the court used a charge recommended in Willson's Criminal Forms, No. 930. The use of this charge has been sanctioned by this court on a number of occasions. See Webb v. State, 5 Tex. Crim. App. 596; Leache v. State, 22 Tex. Crim. App. 279; Parker v. State, 91 Tex. Crim. Rep. 70, see page 75.

To establish the conviction, the state relied upon the testimony of Lillie May Patton, the alleged injured party, who testified that she was thirteen years of age and that the appellant was the father of the prosecutrix. The appellant did not testify as a witness, but relied upon the defense of insanity, upon which issue several witnesses testified. The date of the offense was laid on or about the 24th day of December. The prosecutrix testified that on the 24th day of December the carnal act was performed in a barn. Both on cross-examination and on redirect examination she testified to two other acts of carnal intercourse with the appellant. On at least one of these occasions, according to the prosecutrix, her mother was present, knew of the act and threatened to call the officers. If we correctly understand the record, according to her testimony, one of these acts preceded the act in the barn about a month.

There was no demand for an election as to the transaction

relied upon. The court, in instructing the jury, did not confine their inquiry to the act in the barn and was not more definite in his charge with reference to the date than that averred in the indictment, namely, on or about the 24th day of December, 1925. There being evidence of other acts on or about that date, either of them was available to the state as a basis for a conviction. If the record were in a condition to confine the jury to the consideration of the act in the barn as a basis for conviction, a question less difficult would be presented. As we understand the record, however, the prosecutrix testified to two other acts of intercourse, at least one of which was witnessed by her mother, the wife of the appellant, a witness available to him but not to the state. The jury was privileged to convict upon either of these acts because they were all on or about the 24th day of December, 1925.

Appellant complains of the failure of the court to instruct the jury to disregard certain remarks of the prosecuting attorney. The bill recites that the prosecutrix testified that her father had an act of intercourse with her in a barn on the 24th of December, and that there was no one else present at the barn. · The District Attorney, in the course of his argument, said:

"That little girl, Lillie May Patton, testified to this act as charged and stands here uncontradicted. * * * You have heard her testimony and that little girl stands here uncontradicted."

The statute, Art. 710, C. C. P. 1925, forbids the state's counsel to comment upon the failure of one accused of crime to testify in his own behalf. The import of the statute is to declare that counsel, in argument, must refrain from making use of the silence of the accused during his trial against him by either direct or indirect means. When the comment is not direct but is claimed as an indirect use of his silence against him, we have heretofore stated the rule, thus:

"The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence, or the absence of other evidence to which remarks may reasonably have been applied by the jury, the statute is not transgressed." (Boone v. State, 90 Tex. Crim. Rep. 377.)

Making application of this rule to the present facts, we are

advised by the record that on one or more of the occasions of which the prosecutrix testified, the appellant had sexual intercourse with her, a witness was present, who was available to the appellant, to contradict the prosecutrix if her testimony was untrue.    As the matter comes before us, the case does not come within the class which requires or authorizes a reversal of the judgment because of the comment mentioned.

The judgment is affirmed.

*Affirmed.*