## A. J. Gilford v. The State.

No. 13082.   Delivered March 12, 1930.
Rehearing denied April 23, 1930.
Reported in 27 S. W. (2d) 169.

The opinion states the case.

*B. A. Carter* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Aggravated assault is the offense; penalty assessed at confinement in the county jail for a period of sixty days.

The alleged assault was committed upon the wife of the accused. She and several other witnesses testified to facts sufficient to support the verdict. The assault was denied by the appellant. The conflict of evidence was settled by the verdict of the jury.

There are no complaints of the rulings of the trial court brought forward by bills of exception. Attempt is made by bringing forward the motion for new trial to invoke the consideration of the rulings of the court upon the admission and rejection of evidence. Such matters, in order to warrant consideration on appeal, must come by bills of exception. See Holliday v. State, 100 Tex. Cr. R. 226; Madsen v. State, 95 Tex. Cr. R. 439; Claybrook v. State, 95 Tex. Cr. R. 88; Anderson v. State, 95 Tex. Cr. R. 346.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains in his motion that we erred in not reversing his case for what he asserts to be a fundamental error, viz.: that he was not allowed or required to plead to the information. That this point was raised escaped us upon original consideration.

Ordinarily when the indictment or information is read to the court or jury, the plea of the accused at once follows, but we know of no inflexible rule of practice which would make imperative the entering of such plea of not guilty at this particular stage of the proceedings provided the evidence of the State be heard after such plea. While there is no brief on file for the appellant in this case, we find in the first paragraph of the statement of facts a statement to the effect that after reading the information,—without requiring or permitting the defendant to plead to the information,—the State presented its first witness Gilford, etc. No further allusion is then made to the matter of such plea. The charge of the court, after stating the nature of the complaint, etc., specifically states: "To this charge the defendant has pleaded not guilty." In his motion for new trial appellant set up that he had not plead to the information. The order overruling said motion recites that the court heard the motion "And the evidence thereon submitted." The judgment then entered recites that appellant in open court pleaded not guilty to the information. If the State had failed to require a plea of not guilty before the first witness was introduced, as appears in the statement of the facts above referred to, this would not deprive it of the right

to have had said plea entered later during the trial, but any evidence heard before such plea should have been again introduced after such plea; nor would the fact that such plea was later entered render the proceedings void or the trial for this reason illegal. There is no showing that at no time during the trial was any plea of not guilty entered. The record recitals indicate the contrary. In such case, in addition to what the record affirmatively shows, we are required by Art. 847, C. C. P. to presume that such plea was entered, unless the contrary is made to appear affirmatively by some bill of exception.

. We have referred to the fact that the judgment overruling the motion for new trial recites that the court heard evidence. Such recital, in the absence of a statement showing what evidence was introduced, would lead us to the further conclusion that the evidence heard by the court showed that a plea of not guilty was entered at some proper time during the trial. The burden is on him who asserts error to establish it by the record. This appellant not having met the burden, we must adhere to our former disposition of the case.

The motion for rehearing is overruled.

*Overruled.*