FRANCIS RODRIGUES V. STATE.

No. 29,193. November 6, 1957.
State's Motion for Rehearing Overruled
January 8, 1958.

J. B. Sallas, Crocket, A. L. Lowery and Marion G. Holt, Nacdoches, for appellant.

Bob Murphey, District Attorney, Nacogdoches, Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape; the punishment, 25 years.

The indictment alleged that appellant made an assault upon the prosecutrix who was under 18 years of age, and did ravish and have carnal knowledge of her, she not being his wife.

The prosecutrix testified that she did not consent to the act of intercourse, while appellant denied the act.

In his charge to the jury, a conviction was authorized upon a finding that appellant obtained carnal knowledge of the girl

with or without her consent, she being under 18 years of age and not being his wife.

The evidence established the age of the prosecutrix as 15 years. Testimony was offered in appellant's behalf which, if accepted by the jury, was sufficient to show or raise a reasonable doubt as to her previous chastity, and the state countered with proof of her good reputation for virtue and chastity.

Appellant objected to the charge because the court failed to submit to the jury as an affirmative defense the provision of Art. 1183 P.C. "* * * provided that if she is 15 years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense."

We have concluded that the charge omitted should have been given, and that the court's failure to do so was error calculated to injure the rights of appellant.

Whenever the state seeks a conviction for the offense of rape of a female between the age of 15 and 18 years, not the wife of the accused, without allegation and proof that carnal knowledge was obtained without her consent by force, threats or fraud, then the prior unchastity of the prosecutrix is available to the defendant and is a defense under Art. 1183 P.C. This we understand to be what the statute refers to as "in consent cases."

It is true that the prosecutrix denied that she consented to the act of intercourse, but the court authorized a conviction without any finding as to force being used and whether the prosecutrix consented or not. To such a charge previous unchastity of the prosecutrix was a defense and should have been so submitted. Norman v. State, 91 Texas Cr. Rep. 486, 239 S.W. 976; Stewart v. State, 148 Texas Cr. Rep. 480, 188 S.W. 2d 167; Graves v. State, 161 Texas Cr. Rep. 16, 274 S.W. 2d 555.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

The state insists that the use of the word "ravish" in the indictment in connection with the allegation of carnal knowledge of the prosecutrix was sufficient to support a conviction for the

offense of rape by force, and that we erred in holding that the unchastity of the prosecutrix was a defense in the case.

The word "ravish" implies force and want of consent, and its use in the indictment in connection with the allegation of rape of a female between the ages of fifteen and eighteen years, as here, renders the indictment sufficient to support a conviction for rape by force as well as for statutory rape. Dyer v. State, 283 S.W. 820; Patton v. State, 105 Texas Cr. Rep. 128, 287 S.W. 51; France v. State, 148 Texas Cr. Rep. 341, 187 S.W. 2d 80.

The word "ravish" is not, however, descriptive of the offense, and it is therefore not necessary that force be proven in order to sustain a conviction under such indictment. Id.

The use of the word "ravish" by no means precluded a conviction for statutory rape, under the indictment. A conviction could be had thereunder for either rape by force or for statutory rape. Dyer v. State, supra.

Where the indictment alleges statutory rape and the charge authorizes a conviction for that offense and the facts show that the prosecutrix was between the ages of fifteen and eighteen years, the previous unchastity of the prosecutrix may be shown as a defense.

We remain convinced of the correctness of our original holding.

The state's motion for rehearing is overruled.