GEORGE A. LOWE V. STATE

No. 29,190. November 6, 1957.
Appellant's Motion for Rehearing Overruled
January 22, 1958.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) February 19, 1958.

*Harris & Culver*, Midland, *O'Neal Dendy*, and *Runge, Hardeman Smith & Foy*, San Angelo, for appellant.

*Leon Douglas*, State's Attorney Austin, for the state.

MORRISON, Presiding Judge.

The offense is assault with intent to rape; the punishment, 12 years.

Sergeant Frank Johnson of the Odessa police department testified that on the day in question, as he was on his way to the city barn in the outskirts of the city, he saw a man and two children seated in a parked automobile; that upon his return he noticed that the man was down on his knees between the windshield and the front seat facing toward the rear; that his suspicions became aroused, he cut off the motor of his motorcycle, coasted up to the driver's side of the automobile, and there found the appellant and two small children. Johnson stated that the appellant had his private parts in his right hand and was holding it between the legs of a nude girl who he was holding close to him with his left hand. As soon as the appellant became aware that he was not alone with the children, he "rolled over or got under the steering wheel and zipped his pants about half way up," first stated that the boy and girl were his grandchildren, and then stated that he did not know who they were, that "he had picked them up down the road."

Sergeant Johnson called for assistance and required the parties to remain in the automobile until help arrived. Detective Simpson, who responded to the call, testified that as he approached the automobile Johnson ordered the appellant to get out and that as he did the appellant completed zipping his trousers. Simpson stated that Johnson took the appellant into custody and that he took the nude girl and the little boy first to the injured child's mother's home and then to Dr. Greenlees.

Dr. Greenlees testified that he examined the three-year old injured child and found *"hemorhages* under the mucous membranes" around the opening of "the vaginal tract," which had been occasioned by an injury "not longer than two hours before I saw the child."

The injured child's mother testified that her daughter had been playing outside while she entertained company and that

she did not realize that she was missing until the policeman brought her home crying, "upset," and "nervous."

The appellant did not testify in his own behalf but called several fellow ministers, who testified to his good reputation, and Pearl Ella Watson, a spinster and long time member of his church who he had brought to the home of the injured child for a visit on the day in question. She testified they had visited only ten or fifteen minutes when the policeman brought in the nude girl who "appeared to be very nervous." She stated further that on the way to the doctor's she asked the girl "what the man did to you" and that the child replied "nothing."

The injured child was not called as a witness, and the boy Jerry Lee Cooper, who was approximately five years old at the time in question, was called, but due to the appellant's objection to his competency did not testify.

We find the evidence sufficient to sustain the conviction and shall discuss the contentions advanced in the appellant's brief.

The appellant contends that the court erred in permitting the witness Simpson to testify that while on the way from the injured child's home to the doctor's the child told her mother that she and the Cooper boy had been playing and that a man drove up and told them that he would buy them ice cream and candy if they would get in the car with him.

It is not necessary that we determine this question because we find that testimony to the same effect was in evidence from another source. Police Sergeant Johnson testified that, in connection with his apprehension of the appellant in the alleged unlawful act, he asked him to whom the children belonged and he replied "they was his grandchildren." Later on, when Johnson again asked him to whom the children belonged, he replied "he didn't know, he had picked them up down the road." The statement that "he picked them up down the road" was to the same effect as that which the child told her mother on the way to the doctor's office, which was that she and the Cooper boy were playing when appellant drove by and persuaded them to get into the automobile with him. There is no material difference in the two statements.

While it is true appellant registered an objection to the testimony of the witness Johnson because it was a statement made while under arrest, the record does not reflect that appellant was under arrest at the time. As the same appears in the record,

the statement by appellant to Johnson that he picked up the children was admissible and not subject to the objection urged.

Appellant next contends that reversible error is reflected by the argument of the prosecutor when he said, "If the defendant had not been stopped by the appearance of the witness, Frank Johnson, then the defendant would be appearing in this Court on a charge of murder." It should be noted that the alert trial judge sustained the appellant's objection, instructed the jury to disregard the argument, and qualified the bill by indicating that such argument was in reply to argument of appellant's counsel. When tested by the rule announced in Vineyard v. State, 96 Texas Cr. Rep. 401, 257 S.W. 2d 548, which has been followed by this court since it was enunciated, we fail to find reversible error in this bill.

Finding no reversible error, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant, for the first time, complains of the court's charge, no objections having been made thereto in the trial court.

Complaint is made to Paragraph No. 2 of the charge wherein the court instructed the jury that in order to warrant a conviction of the appellant for the offense of assault with intent to rape it should appear from the evidence beyond a reasonable doubt that he made the assault upon the female and that he "then and there had the specific intent by such assault, *with or without the use of force* * * *, to obtain carnal knowledge of said Linda Kay Craig." (Italics Added.) Appellant insists that the instruction was fundamentally erroneous because it instructed the jury that the offense could be committed without the use of force and was therefore contrary to the rule announced in Croomes v. State, 40 Texas Cr. Rep. 672, 51 S.W. 924, 53 S.W. 882; Maynard v. State, 154 Texas Cr. Rep. 594, 228 S.W. 2d 185 and other cases cited that to constitute the offense of assault with intent to rape upon a female under 15 years of age, the evidence must show an assault accompanied with sufficient force to show beyond a reasonable doubt the specific intent of the accused to then and there have carnal knowledge of the female. While such force is required in an offense of this nature we do not construe the court's instruction as pre-

senting fundamental error. The court's charge, taken as a whole, required the jury before convicting the appellant to find from the evidence beyond a reasonable doubt that he did make an assault upon the female with the specific intent to obtain carnal knowledge of her. This was a necessary finding upon the essential elements of the offense. Cochran v. State, 162 Texas Cr. Rep. 253, 283 S.W. 2d 947. Had appellant been dissatisfied with the court's instruction it was incumbent upon him to timely and properly object.

Appellant further insists that Paragraph No. 7 of the court's charge, which submitted the issue of aggravated assault to the jury, presents fundamental error because it shifted the burden of proof to him and failed to give him the benefit of reasonable doubt. While the particular paragraph is subject to the criticism of appellant we find that in another paragraph of the charge the court fully instructed the jury that the burden of proof was upon the state, instructed upon the presumption of innocence and law of reasonable doubt, and applied it to the whole case. Such an instruction was sufficient and in the absence of a timely objection appellant is in no position to complain. Conger v. State, 63 Texas Cr. Rep. 312, 140 S.W. 1112 and Furr v. State, 194 S.W. 395.

We have again reviewed the evidence and remain convinced that it is sufficient to sustain the appellant's conviction for the offense of assault with intent to rape a female under the age of 15 years as charged in the indictment.

The fact that the indictment alleged an assault with intent to ravish and have carnal knowledge of the female did not render the evidence insufficient because of the absence in the record of any evidence of want of consent of the female or of any force, as such term is defined in the statute pertaining to rape.

Recently in Rodrigues v. State, No. 29,193, opinion delivered January 8, 1958 on the state's motion for rehearing, 308 S.W. 2d 39, where the indictment charged rape upon a female under 18 years of age, we said:

"The word 'ravish' implies force and want of consent, and its use in the indictment in connection with the allegation of rape of a female between the ages of fifteen and eighteen years, as here, renders the indictment sufficient to support a conviction for rape by force as well as for statutory rape. Dyer v. State,

283 S.W. 820; Patton v. State, 105 Texas Cr. Rep. 128, 287 S.W. 51; France v. State, 148 Texas Cr. Rep. 341, 187 S.W. 2d 80.

"The word 'ravish' is not, however, descriptive of the offense, and it is therefore not necessary that force be proven in order to sustain a conviction under such indictment, Id.

"The use of the word 'ravish' by no means precluded a conviction for statutory rape, under the indictment. A conviction could be had thereunder for either rape by force or statutory rape. Dyer v. State, supra."

Remaining convinced that the case was properly disposed of in our opinion on original submission and that no reversible error is shown.

The motion for rehearing is overruled.

Opinion approved by the Court.