Allan F. EDWORTHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 35929.

Court of Criminal Appeals of Texas.

June 29, 1963.

On Rehearing Oct. 23, 1963.

Heath, Rosenthal, Atlas & Cattanach, by Joseph E. Turner, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for rape; the punishment, fifteen years.

The indictment alleged that appellant made an assault upon the prosecutrix who was under eighteen years of age, and did ravish and have carnal knowledge of her, she not being his wife.

To this indictment the appellant entered a plea of guilty, and after being duly admonished as to the consequences of the same his plea of guilty was by the court accepted.

In pursuance of the requirements of the statute where an accused pleads guilty to a felony upon a trial before a jury, the state introduced evidence for the purpose of enabling the jury to intelligently assess the proper punishment. Art. 502, Vernon's Ann.C.C.P.; Richardson v. State, 164 Tex. Cr.R. 500, 300 S.W.2d 83.

The testimony of the prosecutrix, age fifteen at the time of the commission of the offense charged, and also the written statement of the appellant pertaining to the offense were introduced in evidence before the jury by the state.

The appellant did not testify or offer any evidence.

In accordance with the court's instruction the jury found the appellant guilty as charged in the indictment and assessed his punishment.

Appellant contends that the evidence showed or raised a defense in that the prosecutrix was of previous unchaste character at the time of the commission of the act relied on for a conviction in that the state introduced in evidence his written statement in which he admitted having a prior act of sexual intercourse with her which constitutes a defense to the offense charged. Therefore, he argues that at the conclusion of the introduction of evidence, it became the duty of the trial court to withdraw appellant's plea of guilty and enter for him a plea of not guilty. In failing to do so, the appellant insists that the trial court committed reversible error.

The previous unchaste character of a prosecutrix over fifteen years of age and under eighteen years of age does not constitute a defense to the offense of rape by force.

In considering the effect of the use of the word "ravish" in an indictment in connection with the allegation of carnal knowledge of the prosecutrix, which is the same pleading used in charging the offense in the instant case, this court in Rodrigues v. State, 166 Tex.Cr.R. 1, 308 S.W.2d 39, said:

"The word 'ravish' implies force and want of consent, and its use in the indictment in connection with the allegation of rape of a female between the ages of 15 and 18 years, as here, ren-

ders the indictment sufficient to support a conviction for rape by force as well as for statutory rape. Dyer v. State, Tex. Cr.App., 283 S.W. 820; Patton v. State, 105 Tex.Cr.R. 128, 287 S.W. 51; France v. State, 148 Tex.Cr.R. 341, 187 S.W.2d 80.

"The word 'ravish' is not, however, descriptive of the offense and it is therefore not necessary that force be proven in order to sustain a conviction under such indictment. Id.

"The use of the word 'ravish' by no means precluded a conviction for statutory rape, under the indictment. A conviction could be had thereunder for either rape by force or for statutory rape. Dyer v. State, supra."

■ The plea of guilty by the appellant to the indictment containing allegations authorizing a conviction of rape by force sustains the conviction on the plea of guilty.

The judgment is affirmed

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

■ The appellant agrees with our holding that the indictment is sufficient to support a conviction for either rape by force or statutory rape. He correctly contends, however, that under Art. 1183 Vernon's Ann.P.C., which defines the offense of statutory rape as well as rape by force, consent of the female is a defense to rape by force and in consent cases where the female is 15 years of age or older, previous unchastity is a defense to statutory rape, though the accused may have contributed to her loss of chastity. Cloninger v. State, 91 Tex.Cr.R. 143, 237 S.W. 288.

The prosecutrix testified to only one act of intercourse. She fixed the time as on or about January 19, 1962, and the place as in her bedroom in the home of her parents. She testified that she was born November 4, 1946, and that she was not the wife of the appellant.

The state then offered appellant's voluntary statement in which he stated: "During the year 1961 I became intimate with ——— (prosecutrix) and she became pregnant as a result of our being intimate. On Friday night, January 19, 1962, I went to the house of ——— (prosecutrix) in Caldwell, Texas, and I knocked on the window on the side of the house, which was the bedroom window of ——— (prosecutrix). ——— (prosecutrix) unlatched the screen and let me in the house. I got in the bed with her and had an act of sexual intercourse with her in her bed in her bedroom. This must have been about 8 P.M."

The state thus corroborated the testimony of the prosecutrix as to the act of intercourse on or about the date alleged in the indictment but introduced evidence which exculpated the appellant and proved or raised the issue that such sexual intercourse was with the consent of the prosecutrix and not by force, and that it was not her first act of intercourse.

■ Where, in a trial upon a plea of guilty, the facts placed in evidence by the state make evident the innocence of the defendant, or reasonably and fairly present such an issue of fact, the plea of guilty should be withdrawn by the court and a plea of not guilty entered. Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Fite v. State, 163 Tex.Cr.R. 279, 290 S.W.2d 897; Harris v. State, 76 Tex.Cr.R. 126, 172 S.W. 975; Taylor v. State, 88 Tex.Cr.R. 470, 227 S.W. 679; Rayson v. State, 160 Tex. Cr.R. 103, 267 S.W.2d 153.

Appellant's motion for rehearing is granted, the order of affirmance is set aside and the judgment is reversed and the cause remanded.