Hubert Wayne MORROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 38345.

Court of Criminal Appeals of Texas.

June 16, 1965.

Rehearing Denied Oct. 20, 1965.

Second Motion for Rehearing Denied Dec. 15, 1965.

D. B. Mason, Dallas, Phil Burleson, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Ross Teter, W. John Allison, Jr., John Vance and Tom Reese, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary of a private residence at night; the punishment, 20 years.

The indictment alleged the burglary of the private residence of Julius C. Roberson with intent to commit a felony, to wit, to ravish and have carnal knowledge of a named female under the age of 18 years who was an occupant of said house.

Reversal is sought upon the ground that the indictment is fatally defective in that there was no allegation that the named female was not the wife of the defendant.

The indictment was not attacked in the trial court by motion to quash or by exception. We overrule the contention that it is fundamentally defective.

The word "ravish" used in the indictment implies the use of force and want of consent and the indictment is sufficient to charge the offense of burglary of a private residence at night with intent to commit the felony offense of rape by force. Edworthy v. State, Tex.Cr.App., 371 S.W. 2d 563; Rodrigues v. State, 166 Tex.Cr.R. 1, 308 S.W.2d 39.

There were no objections to the court's charge and no requested charges were refused.

The evidence shows that at about two o'clock A.M. appellant opened the door and entered the upstairs apartment occupied and used by Julius C. Roberson as a place of residence, and entered the room in said apartment in which Mr. Roberson's 17 year old step-daughter, a school girl, was sleeping. His baby boy and 12 year old son were also in the room.

Appellant was seen by Mr. Roberson's step-son, Carl Dan Lee, going up the stairs. Carl Dan followed and apprehended appellant in his sister's room. He was standing beside the girl's bed naked, with his sexual organ in his hand.

Carl Dan hit him and attempted to hold him but appellant went across the bed and out the upstairs window. Thinking it was someone he knew, Carl Dan said "Wess?" and appellant said "Yes, man this is Wess (or West)." Carl Dan managed to hold him by the wrist until other members of the family responded to his call and helped him get appellant back into the room. His mother, step-father and brother joined Carl Dan in assaulting appellant and in attempting to restrain him. He got downstairs and out of the apartment building before he was finally subdued by Carl Dan and his 18 year old brother. They restrained him until officers responded to their mother's call and took appellant into custody. He told the officers his name was "Smith".

Appellant's clothes, neatly folded and stacked, were found in a vacant downstairs apartment, the window of which had been broken. The lady occupant of another downstairs apartment, who was alone at the time, had reported to Carl Dan that someone was trying to get into her apartment through a kitchen window. His response to her report accounted for his being downstairs and seeing the man go up the stairway.

Appellant did not testify. The only evidence offered in his behalf was the testimony of his companions of the night to the effect that he was intoxicated when they separated from him at about 1 or 1:30 A.M.

The state offered the testimony of the arresting officer that appellant was not intoxicated when arrested.

The 17 year old girl named in the indictment testified that she had never seen appellant before and was not aware of his being in her room; that she was asleep until awakened by a figure going across her bed and through the window.

We find the evidence sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

The appellant now insists that the evidence is insufficient to support the conviction of burglary of a private residence at nighttime with intent to commit rape by force.

The evidence reveals that after entering the residence about 2 A.M., by force and without consent, the appellant removed all of his clothing, which he left in a vacant room, and then was seen nude going toward the room of a girl, age 17, where he was next seen and accosted as he stood beside the bed in which she was asleep, with his sex organ in his hand. When accosted, the appellant fled across the bed to a window but was pulled back, and a scuffle ensued, during which he freed himself several times but was finally restrained until the officers arrived. During the scuffle appellant identified himself as "Wess" or "West," and he told the arresting officers his name was "Smith."

The evidence of appellant's unlawful entry into the residence followed by the indecent exposure of his body and his lustful handling of his person beside the girl's bed when accosted, together with the other facts and circumstances, is sufficient to authorize the jury to find that the appellant entered the residence with the intent to commit rape and that he was only prevented from doing so by timely discovery.

The appellant further contends that the trial court erred in its charge by failing to require a finding of rape by the use of force.

The court in addition to defining the offense of burglary of a private residence at night instructed the jury that: "The charge in this case is the entry into a private residence at night, by force, with the intent to commit rape." The court's charge next defined the terms, private residence, entry, breaking, nighttime, and rape. The definition of rape, as given, was: "Rape is carnal knowledge of a female under the age of 18 years other than the wife of the person having such carnal knowledge, with or without her consent, and with or without the use of force, threats or fraud."

The court, in submitting the case to the jury, among other findings, required the jury to find beyond a reasonable doubt that the appellant made a burglarious entry of a private residence with the intent to commit the crime of rape, before they could find him guilty.

There are no objections to the court's charge and no requested charges, hence, no errors in the charge can be considered which are not fundamental. Art. 666, Vernon's Ann.C.C.P.

A consideration of the charge as a whole in light of the facts and the general verdict of the jury, reveals no fundamental error.

The motion for hearing is overruled.

Opinion approved by the Court.