**Bobby Joe RODDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45789.**

Court of Criminal Appeals of Texas.

April 18, 1973.

Rehearing Denied May 16, 1973.

Robert B. Hershey, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape. Punishment was assessed at twenty years.

█ Appellant alleges ten grounds of error; the tenth challenges the sufficiency of the evidence and will be discussed first.

The record reflects that the prosecutrix together with two of her girl friends and their brother were at the Fair Park in Dallas on the evening of June 6, 1971. At approximately 10:30 P.M. one of the girls met Michael Sims, an acquaintance, who offered to take them home. Sims was accompanied by three other men: Don Waller, Jessie Sims [1] and the appellant.

The group left in an automobile, with Jessie Sims driving and the prosecutrix seated in the front seat between the driver and appellant. The remaining occupants of the automobile were in the back seat. Instead of taking the girls home, Jessie Sims, on the pretext of taking appellant home first, drove to a dark secluded dead-end dirt road in South Dallas. They stopped the car and the appellant and Jessie Sims got out of the car, walked behind it and entered into a conversation. Then Jessie Sims returned to the car and asked the prosecutrix to get out. She refused, saying she wanted to go home. Jessie Sims then attempted to pull her from the automobile and she resisted by holding onto the steering wheel. Jessie Sims then twisted her arm, causing her to lose her grip on the steering wheel, and dragged her out of the car.

The prosecutrix was taken to the rear of the automobile by Jessie Sims who propositioned her; she refused his offer, saying she was a virgin and that her mother expected her to be home. Jessie Sims then induced her to walk a short distance with him where he again propositioned her to have sexual intercourse with him and attempted to pull her clothes off. The prosecutrix fought his attempt to undress her and began yelling, at which point of time Jessie Sims told her to be quiet or he would throw her into a lake which was near the location where they were then standing. The prosecutrix then unwillingly submitted to his demands.

After Jessie Sims completed his sexual assault upon the prosecutrix the appellant approached her, grabbed her arm and asked if she was going to do the same thing for him. The prosecutrix refused and tried to fight off the appellant and he put a cane "around" her neck and began choking her. The prosecutrix testified that she was again terrified by the threats and acts, and unwillingly submitted to the appellant's demands and had sexual intercourse with him also.

After the appellant had completed the assault upon her, the three returned to the automobile and the girls were taken home. The prosecutrix memorized the license plate number before the automobile drove off and after they left she began crying and told the other girls that she had been raped. The girls went immediately to the prosecutrix' house and called the police. The prosecutrix was taken to the emergency room of the Dallas Parkland Hospital and examined. The examination revealed sperm deposits in her vagina and that her hymen was torn and swollen.

At the trial the appellant testified and denied having had intercourse with the prosecutrix. Jessie Sims testified that he did have intercourse with the prosecutrix but that she willingly consented.

The evidence is sufficient to support the verdict. Ground of error No. 10 is overruled.

---

1. See Sims v. State, Tex.Cr.App., 494 S.W.2d 176 (This day decided).

The first seven grounds of error have to do with the admission into evidence of State's Exhibit No. 1, which was the notes of a physician who examined the prosecutrix on the occasion in question but who did not testify. Another physician testified from these notes, which were a part of the hospital record.

The evidence shows that the examining physician and Dr. Mary Jane Kelly, who testified at the trial, were members of the same Dallas County Health Department office. Dr. Kelly was shown to be qualified to prove the identity and mode of preparation of the hospital record.

The hospital record in question, although hearsay evidence, was admissible as an exception to the hearsay rule because it was shown to be a business record and admissible under the provisions of Article 3737e, Vernon's Ann.Civ.St. See, e. g., Williams v. State, Tex.Cr.App., 492 S.W.2d 496 (1973); Batiste v. State, Tex.Cr.App., 462 S.W.2d 30; McCormick & Ray, Evidence, Vol. 2, Section 1262, page 133.

Further, the principal Jessie Sims admitted having intercourse with the prosecutrix. Therefore, the facts testified to from the hospital record were in evidence by other means. Compare Moulton v. State, Tex.Cr.App., 486 S.W.2d 334; Tsoi v. State, Tex.Cr.App., 489 S.W.2d 103 (1972).

Grounds of error one through seven are overruled.

Next, appellant contends that it was error to deny his request to have the prosecutrix appear before the jury panel during the voir dire of the jury. He claims that he was denied confrontation of the witness. There is no showing in the record where appellant may have been harmed. Ground of error No. 8 is overruled.

Finally, ground of error No. 9 asserts that the indictment is fundamentally defective since it added the word "ravish" which is not part of the statutory defini-

tion of rape. His motion to quash the indictment was overruled.

In Rodrigues v. State, 166 Tex.Cr.R. 1, 308 S.W.2d 39, this court stated:

"The word 'ravish' implies force and want of consent, and its use in the indictment * * * renders the indictment sufficient to support a conviction for rape by force as well as for statutory rape."

Ground of error No. 9 is overruled.

There being no reversible error, the judgment is affirmed.