Ralph Edward **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–81–0004–CR.

Court of Appeals of Texas, Amarillo.

Feb. 17, 1982.

Rehearing Denied March 9, 1982.

Discretionary Review Refused June 2, 1982.

John T. Montford, Criminal Dist. Atty., Jim B. Darnell, Asst. Dist. Atty., Lubbock, for appellant.

Brown, Harding, Fargason & Brown, Mike Brown, Kathleen W. Billingsley, Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

DODSON, Justice.

Ralph Edward Williams, the appellant, was charged by a grand jury indictment with the offenses of sexual abuse of a child under § 21.10 Tex. Penal Code Ann. (Vernon 1974), and sexual abuse of a person under § 21.04 Tex. Penal Code Ann. (Vernon Supp. 1981). The jury found the appellant guilty of sexual abuse of a child and assessed his punishment at five years confinement in the Texas Department of Corrections. Based on the jury's verdict, the court rendered judgment decreeing the appellant guilty of sexual abuse of a child and sentenced him to serve not less than two (2) years nor more than five (5) years in the Texas Department of Corrections. Concluding that one of the appellant's three grounds of error presents reversible error, we reverse and remand.

■ By his first ground of error, the appellant maintains that the judgment should be reversed because the evidence is insufficient to prove the allegation of force contained in the indictment. The pertinent portion of the indictment reads:

RALPH EDWARD WILLIAMS did then and there without the consent of Shelton Albert Moorhead, a male child not his spouse, younger than 17 years of age, with intent to arouse and gratify the sexual desire of the said RALPH EDWARD WILLIAMS engage in deviate sexual intercourse by then and there placing his genitals in contact with the mouth of the said Shelton Albert Moorhead, and did then and there compel the said Shelton Albert Moorhead to submit and participate by force that overcame such earnest resistance as might have been reasonably expected under the circumstances.

In the trial court, the appellant did not challenge the indictment's duplicity by either a motion to quash or a motion in limine. Nor did he file a motion to require the State to elect on the offenses charged in the indictment. Under these circumstances, the duplicitious indictment does not present fundamental error. *Peterson v. State*, 508 S.W.2d 844, 847 (Tex.Cr.App.1974); *Bennett v. State*, 455 S.W.2d 239, 240 (Tex.Cr.App. 1970); and *Villalva v. State*, 142 Tex.Cr.R. 120, 151 S.W.2d 222 (1941).

The indictment alleges all of the essential elements of sexual abuse of a child under § 21.10 of the Penal Code, and the evidence

introduced at trial is sufficient to establish all of the essential elements of that offense. However, the appellant contends that "although it is not necessary to allege force in the prosecution of sexual abuse of a child under § 21.10 of the Penal Code, when the State does elect to include those allegations in its indictment under § 21.04(b)(1) of the Penal Code, the State is required to prove this allegation as a material element of the offense." In support of his contention, the appellant relies on *Cochran v. State*, 162 Tex.Cr.R. 253, 283 S.W.2d 947 (1955); *West v. State*, 152 Tex.Cr.R. 9, 211 S.W.2d 200 (1948); *Adams v. State*, 122 Tex.Cr.R. 181, 54 S.W.2d 123 (1932); and *Morgan v. State*, 50 S.W. 718 (Tex.Cr.App.1899). These cases involve the offense of *assault* with intent to rape and are not controlling in this instance.

In *Dyer v. State*, 283 S.W. 820, 823 (Tex.Cr.App.1926), a statutory rape case, the court stated: "All must agree that where force *alone* is charged in any case, whether over or under age, same must be proved, but when ... force and having carnal knowledge are charged in alleging rape of a female under the age of consent, it would be idle to insist that the case can only be made out by proof of force." (Emphasis added.) The court concluded that the "contention that if force is alleged in charging rape on a female under the age of consent, same must be proved, is [not sound] ... [and it is not] necessary to prove force unless force is the *only* means charged in the indictment. If any other means be charged in conjunction with force, the case may be made by proof of such other means and the allegations of force be ignored." (Emphasis added.) *See also Lowe v. State*, 165 Tex.Cr.R. 589, 310 S.W.2d 94, 97 (1957), and *Rodrigues v. State*, 166 Tex.Cr.R. 1, 308 S.W.2d 39, 40 (1957). Under the circumstances in the case before us, we conclude that the State is not required to prove force; therefore, we do not consider whether the evidence is sufficient to establish force. The appellant's first ground of error is overruled.

In his second ground of error, the appellant asserts that the trial court erred in failing to grant him a hearing before a jury to determine his competency to stand trial. As a result of a pre-trial competency examination ordered by the court, the examining psychiatrist expressed his opinion that the appellant had "(1) sufficient present ability to consult with his attorney with a reasonable and rational degree of understanding and (2) a rational and factual understanding of the proceedings against him." At the trial on the merits, the appellant interposed insanity as a defense. In support of his defense, he presented evidence from several witnesses, including medical doctors and a psychologist. Acting by and through his attorneys, the appellant filed a motion suggesting to the court that he was mentally retarded and requesting a jury trial on the question of his competency to stand trial. This motion was filed after the jury had returned its verdict of guilty and assessed punishment, but before the court had rendered judgment and sentenced the appellant.

Article 46.02 § 1, Tex. Code Crim.Pro. Ann. (Vernon 1979), provides, in part:

(a) A person is incompetent to stand trial if he does *not* have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; *or*

(2) a rational as well as factual understanding of the proceedings against him. [Emphasis added.]

In pertinent part, section 4(c) of Article 46.02 further provides:

*If the issue of incompetency to stand trial is raised other than by written motion in advance of trial pursuant to Sub-section (a) of Section 2 of this article and the court determines that there is evidence to support a finding of incompetency to stand trial, the court shall set the issue for determination at any time prior to the sentencing of the defendant. If the competency hearing is delayed until after a verdict on the guilt or innocence of the defendant is returned, the competency hearing shall be held as soon there-*

*after as reasonably possible*, but a competency hearing may be held only if the verdict in the trial on the merits is "guilty." [Emphasis added.]

By enacting this provision, the legislature has provided for a post-verdict determination of the appellant's competency to stand trial. Our threshold inquiry is the quantity of evidence required at the post-verdict stage to raise the competency issue. The appellant argues that the "any probative evidence" standard set out in *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr.App.1980), for pretrial competency determinations is applicable in this instance. On the other hand, the State maintains that the applicable measure is the "bona fide doubt" standard set out in *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr. App.1968), and its progeny for mid-trial competency determinations.

■ Neither party has directed us to a case in which the competency issue was not raised until the post-verdict stage, and we have found none. Considering the question open, we are constrained to follow the statutory language ("that there is evidence to support a finding of incompetency to stand trial") as that language is construed in *Sisco*. Thus, in determining whether there is any probative evidence to support a finding that the appellant was incompetent to stand trial, we must "assay just the evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Sisco*, 599 S.W.2d at 613.

The appellant was 27 years old at the time of trial. At birth, the appellant had a club foot, urinary tract defects, a dislocated hip, an RH negative blood incompatibility problem necessitating a complete blood transfusion, and hydrocephalus (water on the brain). Since birth, the appellant has had an enlarged head. In school, he attended special education class. At age 19, he voluntarily withdrew from high school.

Testimony from medical doctors shows that the appellant suffers from brain damage, particularly on the left side. The appellant is right-handed. Dr. Richard Wall, a clinical psychologist, examined the appellant before the trial. He stated at the trial that, under normal circumstances, the appellant functions as a 10 to 12 year old boy; and that under stress he functions as a 6 year old child.

■ Dr. Wall administered to the appellant the Wechsler Adult Intelligence Scale test, which is composed of five subtests. The appellant scored in the normal range on the subtest which measures motor skills; *i.e.*, he could perform such tasks as pushing a broom and cleaning a room normally. On the other four subtests, which measure judgment, reasoning ability, attention, and concentration, the appellant scored more than two standard deviations below the norm, which is an indication of mental retardation. When balanced with his performance score, the appellant's overall score was in the dull normal (borderline mentally retarded) range. Nevertheless, his low scores are in the areas most critical to a criminal defendant in being able to consult with his attorney with a reasonable and rational degree of understanding and in having a rational and factual understanding of the proceedings against him. These scores, and other evidence in the record, while not conclusive, do constitute some probative evidence that the appellant was not competent to stand trial. Accordingly, we sustain the appellant's second ground of error.

In summary, we overrule the appellant's first ground of error, and sustain his second ground of error. Our disposition of the first and second grounds of error is dispositive of this appeal. We do not reach the third ground. Accordingly, the judgment is reversed, the sentence is vacated, and the case is remanded to the trial court to conduct a hearing before a jury to determine whether the appellant, at the time of his trial, was competent to stand trial, in accordance with article 46.02 § 4(c), *et seq.* of the Texas Code of Criminal Procedure.