NO. 07-08-0315-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 17, 2009
______________________________

ANTHONY G. HEREFORD JR., 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,858; HON. JIM BOB DARNELL, PRESIDING
_______________________________

Abatement for New Counsel
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          After a jury trial, Anthony Hereford (appellant) was convicted of the offense of
possession of a controlled substance. Punishment was assessed by the jury at fifty years
in the Texas Department of Criminal Justice Institutional Division. Appellant timely filed his
notice of appeal. 
          Appellant’s appointed counsel filed a motion to withdraw, together with an Anders



brief, wherein he certifies that, after diligently searching the record, he concluded that the
appeal is without merit. Along with his brief, he filed a copy of a letter sent to appellant
informing him of counsel’s belief that there was no reversible error and of appellant’s right
to appeal pro se. By letter dated January 6, 2009, this court notified appellant of his right
to file his own brief or response by February 5, 2009, if he wished to do so. To date,
appellant has not filed a response.
          After conducting our own independent review of the record, we abate the cause and
remand the proceeding for the appointment of new counsel. Appellant contended at trial
that his Fourth Amendment protection against unreasonable search and seizure was
violated due to excessive force used in obtaining contraband from his mouth. Furthermore,
the trial court refused to allow an expert to testify on the matter of when force becomes
excessive and the reasonable use of tasers. So too did it omit an instruction to the jury
regarding exclusion of the evidence purportedly garnered through the use of excessive
force. These matters implicate the United States and Texas Constitutions and appear
rather novel under Texas jurisprudence. While we make no comment upon their ultimate
merit, they nonetheless pose arguable issues for appellate review. Thus, we do not accept
appellate counsel’s representation concerning the merits of the appeal.
          Accordingly, we abate the appeal and remand the cause to the 140th District Court
of Lubbock County, Texas. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). Upon remand, the trial court shall appoint an attorney (other than appellant’s
current attorney) to represent appellant in this appeal. Irrespective of who is ultimately
appointed, the attorney must possess sufficient ability and experience to represent
appellant in the matters before the court. See Rayson v. State, 267 S.W.2d 153, 156 (Tex.
Crim. App. 1954); Tex. Code Crim. Proc. Ann. art. 26.04(d) (Vernon 2009) (requiring the
court to appoint an attorney who meets applicable qualifications specified by the Task
Force on Indigent Defense along with those established by the judges of the county of
appointment). And, given the novelty of the potential issues involved, we respectfully ask
the trial court to consider the candidate’s experience with and education in the law of
search and seizure when making its selection. 
          The trial court shall further order the newly appointed counsel to file an appellant’s
brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned
arguable grounds, and all other grounds that might support reversal or modification of the
judgment. The deadline for filing the appellant’s brief with the clerk of this appellate court
is June 1, 2009. Thereafter, any responding brief which the State may care to submit shall
be filed within 30 days after the filing of the appellant’s brief. 
          Next, the trial court shall cause the name, address, and state bar number of the
newly appointed counsel to be included in a supplemental transcript. That transcript shall
be filed by the trial court with the clerk of this court on or before April 6, 2009. 
          Finally, solely because the opinion expressed by appellant’s currently appointed
attorney could be viewed as creating a conflict of interest, we grant his motion to withdraw. 
However, nothing herein should be considered as a comment on counsel’s ability and
experience. 
          It is so ordered.
                                                                                      Per Curiam
 
Do not publish.