NO. 07-08-0315-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 17, 2009
_____

ANTHONY G. HEREFORD JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,858; HON. JIM BOB DARNELL, PRESIDING
_____

*Abatement for New Counsel*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

After a jury trial, Anthony Hereford (appellant) was convicted of the offense of

possession of a controlled substance. Punishment was assessed by the jury at fifty years

in the Texas Department of Criminal Justice Institutional Division. Appellant timely filed his

notice of appeal.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1]

brief, wherein he certifies that, after diligently searching the record, he concluded that the

_____

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

appeal is without merit. Along with his brief, he filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated January 6, 2009, this court notified appellant of his right to file his own brief or response by February 5, 2009, if he wished to do so. To date, appellant has not filed a response.

After conducting our own independent review of the record, we abate the cause and remand the proceeding for the appointment of new counsel. Appellant contended at trial that his Fourth Amendment protection against unreasonable search and seizure was violated due to excessive force used in obtaining contraband from his mouth. Furthermore, the trial court refused to allow an expert to testify on the matter of when force becomes excessive and the reasonable use of tasers. So too did it omit an instruction to the jury regarding exclusion of the evidence purportedly garnered through the use of excessive force. These matters implicate the United States and Texas Constitutions and appear rather novel under Texas jurisprudence. While we make no comment upon their ultimate merit, they nonetheless pose arguable issues for appellate review. Thus, we do not accept appellate counsel's representation concerning the merits of the appeal.

Accordingly, we abate the appeal and remand the cause to the 140th District Court of Lubbock County, Texas. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint an attorney (other than appellant's current attorney) to represent appellant in this appeal. Irrespective of who is ultimately appointed, the attorney must possess sufficient ability and experience to represent appellant in the matters before the court. *See Rayson v. State,* 267 S.W.2d 153, 156 (Tex. Crim. App. 1954); TEX. CODE CRIM. PROC. ANN. art. 26.04(d) (Vernon 2009) (requiring the court to appoint an attorney who meets applicable qualifications specified by the Task

2

Force on Indigent Defense along with those established by the judges of the county of appointment). And, given the novelty of the potential issues involved, we respectfully ask the trial court to consider the candidate's experience with and education in the law of search and seizure when making its selection.

The trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned arguable grounds, and all other grounds that might support reversal or modification of the judgment. The deadline for filing the appellant's brief with the clerk of this appellate court is June 1, 2009. Thereafter, any responding brief which the State may care to submit shall be filed within 30 days after the filing of the appellant's brief.

Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript. That transcript shall be filed by the trial court with the clerk of this court on or before April 6, 2009.

Finally, solely because the opinion expressed by appellant's currently appointed attorney could be viewed as creating a conflict of interest, we grant his motion to withdraw. However, nothing herein should be considered as a comment on counsel's ability and experience.

It is so ordered.

Per Curiam


Do not publish.

3