## MARTIN BARGAS v. THE STATE.

### No. 5513.   Decided November 12, 1919.

1.—Theft of Cattle—Sufficiency of the Evidence.

Where, upon trial of theft of cattle, the evidence is sufficient to sustain the conviction, there is no reversible error.

2.—Same—Evidence—Bill of Exceptions—Motion for New Trial

In the absence of a bill of exceptions duly certified and approved, the admission or rejection of evidence cannot be considered, if the complaint thereto is merely raised in the motion for new trial.  Following: Sessions v. State, 81 Texas Crim. Rep., 424.

3.—Same—Objections to Charge of Court—Requested Charges.

To authorize the consideration of objections to the charge of the court or the refusal of requested charges, the record must disclose that the requirements of the statute, articles 735, 737, 737a, and 743, C. C. P., were complied with.

4.—Same—Objections to Charge—Requested Charges—Rule Stated.

Objections to the charge of the court and refused requested charges cannot be considered on appeal, when there is a failure in the record to show that they were presented to and acted upon by the court, as required by the statutes *supra*.

5.—Same—Venue—Practice on Appeal—Rule Stated.

Where there is no indication in the record that an issue was made on the subject on the trial of the case as to question of proof of venue, the same must be presumed as made, on appeal;  however, the record shows that venue was proved.

6.—Same—Name of the Defendant—Spelling—Indictment—Motion for New Trial.

In the absence of a showing in the record that complaint was made that defendant's name is incorrectly stated or spelled in the indictment, at the time of arraignment of defendant, and the question is raised for the first time in the motion for new trial, the matter cannot be considered on appeal.

Appeal from the District Court of Medina.   Tried below before the Hon. R. H. Burney, judge.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Diedrich A. Meyer*, for appellant.

*C. M. Cureton*, Attorney General, *W. A. Keeling*, Assistant Attorney General, for the State.—On question of defendant's name in the indictment: Henry v. State, 38 Texas Crim. Rep., 313;  White v. State, 32 id., 625;   Kinkead v. State, 61 id., 651;   Sugarman v. State, 73 Texas Crim. Rep., 619, 166 S. W. Rep., 732.

MORROW, Judge.—Appellant's conviction was for theft of cattle. The evidence is sufficient to prove the appellant's guilt. There are no bills of exceptions or complaints of the court's charge or refusal of special charges presented in a manner authorizing consideration. One dissatisfied with the rulings of the court in the receipt or rejection of evidence must, to obtain review, bring the matter before this court in a bill of exceptions, certified in the manner provided by law. This is not effected by complaining of the court's ruling on such matters in motion for new trial. Sessions v. State, 81 Texas Crim. Rep., 424. To authorize the consideration of objections to the charge or the refusal of special charges, the record must disclose that the requirements of the statute, Articles 735, 737, 737a, 743, Code of Criminal Procedure, were fulfilled. Objections to the charge and special charges refused cannot be considered on appeal when there is a failure in the record to show that they were presented to and acted upon by the court as required by the provisions mentioned. See Vernon's Texas Crim. Statutes, vol. 2, p. 526, notes 64 and 65.

There is a suggestion in the motion for a new trial that there was a failure to prove venue. There is no indication that an issue was made on the subject on the trial of the case, in the absence of which Article 938, C. C. P., provides that on appeal proof of venue shall be presumed. See Vernon's Texas Crim. Statutes, vol. 2, p. 897. The examination of the statement of facts, however, in the instant case discloses that there was sufficient proof that the offense was committed in Medina County where the prosecution was had.

In the motion for new trial the complaint is also made that appellant's name is incorrectly stated or spelled in the indictment. No point appears to have been made upon this subject until the motion for a new trial was filed, at which time under our statute, Article 559, Code of Criminal Procedure, the point had been waived. That statute says that at the time of arraignment "unless the appellant or his counsel suggests that the indictment is not in his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense." See other articles upon the same subject, Vernon's Texas Criminal Statutes, vol. 2, p. 287.

Failing to find any error in the record, the judgment of the lower court is ordered affirmed.

*Affirmed.*