WIT McMILLIAN v. THE STATE.

No. 7143. Decided October 25, 1922.

Rehearing denied November, 1922.

1.—Assault to Murder—Sufficiency of the Evidence.

Where, upon trial for assault with intent to murder, the evidence is sufficient to support the conviction, there is no error upon that ground.

2.—Same—Evidence—X-Ray Photograph—Physician—Opinion of Physician.

The use of X-Ray photographs is permitted in evidence, but not in the absence of proof of their correctness, and where the opinion of the physician expressed upon the information obtained from an X-Ray photograph, which the physician himself did not make and which was an important issue in the case, his said opinion based thereon was inadmissible in evidence, and reversible error.

Appeal from the District Court of Callahan. Tried below before the Honorable Geo. L. Davenport.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

*J. F. Cunningham,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of three years. The alleged injured party was C. S. Boyles.

We have examined the evidence, and without rehearsing it, deem it quite sufficient to support the verdict.

There was evidence that Boyles, while sitting on the running-board of an automobile and talking to a friend, was attacked by the appellant, who struck him several licks, holding some object in his hand which inflicted upon Boyles wounds which were serious. The appellant used expressions at the time justifying the conclusion that he was actuated by express malice. He makes no defense against the assault, but sought to mitigate the consequences by testimony that he was intoxicated at the time, and that he used no weapon other than his fist.

Complainant is made of the admission in evidence of a part of the testimony of Doctor Locker. This witness was a physician residing in Brownwood where Boyles was taken after the injury. Doctor Locker examined the injuries, and the evidence showed him to be qualified to give an opinion concerning them. He described their character and stated that he regarded them serious. Thus far, we understand his testimony was not made the subject of objection. It seems that on the trial there was used an x-ray photograph, apparently made by Doctor Powell, who was not a witness, and with the making of which it affirmatively appears that Doctor Locker was not connected.

The part objected to was: "In my opinion, it was a dangerous wound. From the x-ray standpoint, the wound showed an inflammatory or serious exudate or falling in on the brain. From the x-ray photograph, which I examined, I found the wound to be a serious and dangerous wound. The wound which I found there might produce death."

The objection urged is that the opinion, based upon an x-ray examination, was not complete evidence for the reason that the x-ray photograph was not taken by the witness and was not shown by any testimony to have been properly taken or properly developed.

The use of x-ray photographs is permitted in evidence but not in the absense of proof of their correctness. See Wharton's Crim. Ev., Vol., 2, p. 1083, sec. 518k. In this respect, they stand upon much the same basis with other photographs. See Wharton's Crim. Ev., Sec. 5181. On the subject, see, also, Bruce v. Beall, 41 S. W. Rep., 445; Amer. Digest, Decennial Ed., Vol. 8, Evidence, Sec. 359 (4).

The basis of the opinion in the instant case was an x-ray photograph, not proven to accurately protray the condition of the wound upon the head of the injured party. The opinion expressed upon the information obtained from this photograph was important in magnifying the penalty in that it showed what the jury must have understood

to be a very serious condition of the brain, occasioned by the wound. The penalty assessed was above the minimum. The evidence complained of we cannot regard as other than illegal and harmful.

Because of it, we are contrained to order a reversal of the judgment, which is accordingly done.

*Reversed and remanded*