## W. J. POOLE v. THE STATE.

No. 12604.   Delivered October 9, 1929.
Rehearing denied November .20, 1929.

344

The opinion states the case.

*Laurence & Tooker* of Corpus Christi, and *Kitching & Kenna* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

A policeman of the City of Corpus Christi observed appellant about three A. M. on August 28th parked in an automobile by the roadside in the outskirts of said city. Appellant told the officer that he was waiting for a friend. In response to the officer's inquiry as to what he had in the back of his car, he answered "a camping outfit." Asked further as to whether he had any objection to his looking in the car, he said: "No, go ahead." A search of the car revealed the presence of 118 quarts of tequila. Appellant was thereupon arrested. He gave a fictitious name. These are the main incriminating facts as testified to by the officers.

Appellant testified that the liquor found in the car belonged to one Jim Nimsky, that he was coming from the Rio Grande Valley through Corpus Christi and Nimsky gave him $25.00 to haul "a load for him," that Nimsky took his car away and loaded it and that he himself did not know what it contained and was not aware of the presence of tequila in the car. He further testified that Nimsky was the friend he was waiting for and that he was to meet

him in the town of Corpus Christi and receive the load which he had contracted to bring him, and that Nimsky visited him in the jail in Corpus Christi on that day. He denied giving the officer permission to search the car. It is insisted that the evidence is insufficient.

If Nimsky possessed this liquor for sale and appellant took same into his possession knowing the unlawful purpose of Nimsky and with knowledge that the same was intoxicating liquor, under the facts aforesaid, he would be guilty of the offense charged. The facts and circumstances were sufficient to make an issue as to their being co-conspirators and co-actors in the offense charged. This theory was correctly, though perhaps somewhat inaptly, presented by the Court in his charge to the jury. This, we think, sufficiently disposes of appellant's contention both as to the insufficiency of the evidence and the charge of the Court. Smith v. State, 21 Tex. Crim. App. 102.

The defense presented by the evidence, namely that appellant was in possession of the liquor in question as the innocent agent of Nimsky and without knowledge of his criminal intent or the fact that same was intoxicating liquor does not seem to have been affirmatively presented in the Court's charge and though insufficiently raised, we mention it in view of the disposition we make of the case.

Various objections were urged in the trial court to the evidence of the searching officer in question, among which was that the search was without probable cause and that an issue was made as to the consent to the search, which was not presented by the Court in his charge to the jury. Since appellant as a witness admitted the presence of the liquor in question in his car, the error, if any, was harmless and all questions raised as to the illegality of the search pass out of the case, under the facts of this record. Bevers v. State, 9 S. W. (2nd) 1040, and authorities there cited.

By Bill of Exception No. 5 the question is presented of the erroneous admission in evidence of the sheriff's testimony to the effect that he tested the liquor in question for alcoholic content with a testing machine that he had ordered from New York upon the advise of a United States Government chemist; that he didn't know whether it was accurate or not; that all he knew about it was what he had been told; that he used a machine and a chart in making the test. He testified: "I don't know whether either of them is correct except what somebody has told me." He further testified that

according to these tests the content of two of these bottles by the test was 110% of alcohol by volume. It affirmatively appears that this witness was basing his entire testimony upon the use of a machine concerning the accuracy of which he was unable to testify. This test involved a matter of scientific skill, in which the witness failed to show himself in any manner qualified to make. The witness' testimony with reference to this test and the result thereof was inadmissible. Dane v. State, 36 Tex. Crim. Rep. 87; McMillian v. State, 244 S. W. 512; Underhill's Criminal Evidence (3rd Ed.), Paragraphs 192, 193, et seq.

It appears from Bill of Exception No. 6 that while appellant was upon the witness stand testifying, he was several times questioned by the Court. This Court has several times expressed its disapproval of the examination of witnesses by the trial court as likely to violate Art. 707. C. C. P., which expressly inhibits any remark calculated to convey to the jury the Court's opinion of the case, but such action is not reversible unless shown to be prejudicial. Rodriques v. State, 8 S. W. (2nd) 149. Most of the questions set out in this bill are of this character. However, we note the following:

"Question by the Court: 'How do you spell that name?'

"Answer: 'J-i-m N-i-m-s-k-y.'

"Question by the Court: 'Do you know about the time he left Corpus Christi?'

"Answer: 'No sir, I don't know exactly the time he left Corpus Christi, but I know he went off and left me in the jail up there and slipped out of town.'

"Question by the Court: 'Do you know where he is at this time?'

"Answer: 'No sir, not for sure. I heard that he was in New Orleans, Louisiana, but I don't know.'

"Question by the Court: 'Did you say anything to the officer while you were arrested or when you were arrested with reference to Jim Nimsky owning that load of stuff?'

"Answer: 'No.'

"Question by the Court: 'Did you give any reason for not doing it?' "

All these various questions by the Court were objected to by the appellant at the time and to which the Court responded: "I see no reason for the witness not answering the question." To which the appellant excepted, whereupon the Court then propounded the following question to appellant: "What is your reason for not telling

the officer?" Answer: "I did not think it was necessary at that time." All of this occurred in the presence of the jury and over objection of appellant, to which proper exceptions were taken. We think the effect of the questions of the Court and his remarks as set out above was prejudicial and may have contributed to the verdict of guilty rendered. The probability that it worked an injury to appellant is too great to permit this conviction to stand. See Vernon's C. C. P., Art. 707, and authorities there collated. Also recent case of Speers v. State, 7 S. W. (2nd) 87, and authorities there cited.

Because of the errors discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant is not satisfied with our decision of the case, and insists that we should have gone further in our discussion and holding upon the law applicable to the facts appearing in this record. We are not in accord with his contention.

The motion for rehearing will be overruled.

*Overruled.*