James Robert SCHAFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 41828.

Court of Criminal Appeals of Texas.

Jan. 22, 1969.

Ted Fair, Waco, for appellant.

Martin F. Eichelberger, Dist. Atty., George Allen, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The sufficiency of the evidence is not challenged and we do not deem it essential to set forth the facts.

On appeal appellant contends (1) the court erred in overruling his sworn motion requesting appointment of counsel by reason of his indigency and (2) that such failure deprived him of his statutory ten-day period to prepare his defense.

The record reflects that the appellant was indicted on November 9, 1967, and was released on bond the following day. One of the sureties on said bond was W. S. Foster, attorney. On November 27, 1967, the sureties requested of the court to be relieved of their undertaking and an arrest warrant was issued for the appellant-principal which was executed on December 1, 1967. See Articles 17.16–17.19, Vernon's Ann.C.C.P.

On March 11, 1968, the appellant filed a sworn "combined" motion for continuance and for the appointment of counsel. In said motion, among other things, he alleged that W. S. Foster ceased to be his attorney when he "got off * * * bond"; that he had paid another lawyer $250.00 cash to participate in the disposition of the case; that he was now destitute, without funds and unable to employ counsel. On

the same date the court overruled such combined motion stating in its order that with the appellant and his attorney, W. S. Foster, present the court had considered the motion and the evidence adduced thereon and found that such motion should be denied.

The evidence adduced at such hearing is not in the record before us.

On March 12, 1968, the record reflects the following occurred just prior to trial.

"MR. ALLEN: The state is ready, your Honor.

"MR. FOSTER: The Defense is not ready because of the fact that I am not representing the Defendant, I am just here in Court. There was an Order of the Court for me to be here. I haven't prepared anything in the case because I wasn't employed by the Defendant, and I am not an Attorney of Record.

"COURT: Well, Mr. Foster, I know that shortly after this Defendant was indicted, within a week after he was indicted, I talked to you on the phone, and I asked you if you were representing this Defendant. You said you were, and at that time you were on his bond, and I asked again, I wanted to be certain you were representing him, and you stated to the Court that you were his Attorney, and you were representing him, and at that time we set this case for trial yesterday. The first time that I was notified that you were not representing the Defendant, although you made an application to get off of his bail, you brought it to me, I signed the Order on it, and you did not state to me at that time that you were not representing him, and the first time that I learned that you were contending that you were not representing the Defendant was Thursday or Friday of last week, when I called you on the phone to remind you that it was set for trial. At that time, you stated to me that you were not representing this Defendant. We heard a Motion on that

fact yesterday, and that is the first notice this Court had, Thursday or Friday of last week, that you were contending that you were not representing the Defendant, even though you stated to the Court last November, November of 1967, that you were representing the Defendant, and based on that statement, this case was set for trial, and you were listed as Attorney for the Defendant. I have heard the Motion on it. If you have any other evidence to offer on the Motion.

"MR. FOSTER: Let the record show that when I made application to get off his bond that was the time I ceased to be representing him, and I had anticipated or expected that they would employ me, which they did not do.

"COURT: All right. I will ask the Defendant to stand and we will have his arraignment. * * *"

Thereafter the trial on the merits proceeded with the appellant being represented by W. S. Foster.

■ We cannot agree that the court erred, under the circumstances presented, in refusing to appoint counsel, or abused its discretion in refusing to allow Attorney Foster to withdraw.

Article 26.04(a), V.A.C.C.P., provides:

"Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence."

■ It should be obvious that the mere filing of an affidavit of indigency is not sufficient standing alone to cause appointment of counsel if the court determines that

the accused is not, in fact, indigent. Ground of error #1 is overruled.

█ It follows from what has been said that if appellant was not entitled to appointed counsel he was not entitled to the statutory ten days preparation period. See Article 26.04(b), V.A.C.C.P. Ground of error #2 is overruled.

Our decision herein is not affected by the fact that sometime subsequent to the trial the court determined that the appellant was then indigent and appointed counsel on appeal.

The judgment is affirmed.

DOUGLAS, J., not participating.