Cornelius TEA, Appellant,

v.

The STATE of Texas, Appellee.

No. 42605.

Court of Criminal Appeals of Texas.

March 18, 1970.

Rehearing Denied May 13, 1970.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder with malice; the punishment, death.

This is a companion case to Roy Earl David v. State, 453 S.W.2d 172, this day decided, they having been jointly indicted on July 5, 1967, for the murder of Robert Farley, but separately tried.

The record reflects that on July 25, 1967, notice in writing in open court signed by Thomas C. Dunn, Assistant District Attorney, was filed making known that the state would seek the death penalty as proper punishment of the defendant Cornelius Tea. Appellant's trial began November 13, 1967.

Appellant's first ground of error which complains that the state failed to give him proper notice under Art. 1.14 Vernon's Ann.C.C.P. of its intent to seek the death penalty is overruled.

As in the companion case of David v. State, supra, the record does not contain the voir dire examination of the venire, or a showing that a request for such record was made.

Appellant's second ground of error which complains that the trial court allowed the state to challenge certain prospective jurors for cause simply because they stated their opposition to or conscientious scruples against the infliction of the death penalty, or that the trial court prevented the defense from further examining those jurors challenged by the state, is not supported by the record. Insofar as the ground of error may be said to raise the contention that the jury was selected in violation of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, such contention was properly disposed of in the companion case of David v. State, supra.

In his third ground of error appellant complains that the evidence is insufficient to sustain the conviction in that it shows only that he was present at the scene of the murder and fails to incriminate him as a principal in the murder.

The portion of the evidence set out in the opinion in David v. State, supra, which

was also admitted at appellant's trial need not be repeated. The confession of David was not, of course, introduced at appellant's trial.

Evidence which is not referred to in the opinion in David v. State, which was introduced at appellant's trial, includes the following:

Mrs. Moss testified that both men assumed positions behind the check out counter and that while David was pointing his pistol at her and she was complying with his instructions and was removing the money from the cash register and putting it in the paper bag David was holding, appellant helped put the money in the paper bag. She also testified that David picked up her purse, examined it and put it back on the check out counter. Later he picked up the purse again and handed it to appellant, saying "here, take her purse." During all of this time David was pointing his pistol at Mrs. Moss, not at appellant who entered the store with him and left the scene with him after the shooting.

We find the evidence sufficient to sustain a finding that appellant was a principal in the robbery and to sustain his conviction as a principal in the murder of Robert Farley.

■ Assuming that ground of error No. 4 complies with Art. 40.09 V.A.C.C.P., in the absence of evidence raising the issue or an objection or request for such a charge, the complaint that the trial court erred in not instructing the jury on the law regarding murder without malice is without merit. See David v. State, supra.

Appellant's fifth ground of error relates to fingerprints taken during the trial and used in connection with the penitentiary record by a fingerprint expert who compared the prints taken with the prints which were a part of the certified record of a prior conviction.

■ The taking of fingerprints for identification purposes does not constitute

a violation of the accused's rights under the Fifth Amendment. Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Harrington v. State, Tex.Cr.App., 424 S.W.2d 237, and cases cited. See also Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908.

We find no merit in this ground of error.

■ The remaining ground of error complains of introduction in evidence of the testimony of a police officer, at the hearing on punishment, that he knew the general reputation of the defendant Cornelius Tea in the area in which he resided and among those people with whom he associated as being a peaceful and law abiding citizen and that it was bad.

The testimony was admissible under the provision of Art. 37.07(3) V.A.C.C.P. which provides in part that after a finding of guilty "evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, *his general reputation* and his character." Smith v. State, Tex.Cr.App., 414 S.W.2d 659.

The judgment is affirmed.