Roy Earl DAVID, Appellant,

v.

The STATE of Texas, Appellee.

No. 42663.

Court of Criminal Appeals of Texas.

March 18, 1970.

Rehearing Denied May 13, 1970.

**174**

Johnnie Abercia, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder; the punishment, death.

The record reflects that shortly before midnight on April 10, 1967, the appellant and one Cornelius Tea entered a drive-in grocery in Harris County, Texas. The lone attendant, Mrs. Judy Moss, recognized them as having been in the store a few minutes earlier. The appellant placed a pistol to her head and forced her to the cash register from which he took money as well as from under the counter. While at the cash register Mrs. Moss pressed a silent alarm connected to the nearby house of the deceased, Bob Farley, her father, who owned the store. As appellant was forcing Mrs. Moss into a back room, she saw the deceased, armed, entering the store. The appellant fired at the deceased, the fire was returned and Mrs. Moss escaped to a nearby service station where she heard other shots being fired. After calling the police she found her father lying on the sidewalk badly wounded.

The cause of death was established as a gunshot wound of the chest.

It was shown that a print lifted from a metal file box near the cash register which Mrs. Moss testified the appellant handled during the robbery was identical with a known fingerprint of the appellant.

The State also introduced appellant's written extrajudicial confession.

In his first ground of error appellant contends it "was material error for the defendant's name to be entered several different ways on the pertinent papers of the case" resulting in "material injury." The body of the indictment reflects appellant's name as "Roy Earl David." The judgment and the order overruling the motion for new trial and other papers also reflect the name of appellant as "David."[1] Appellant contends his correct name is "Roy Earl Davis" and that all of his pleadings as well as some of the State's reflect his true name; that the constant reference to the appellant throughout the trial should have "properly apprised" the court of his true name and that a correction should have been entered.

Article 26.07, Vernon's Ann.C.C.P., provides:

"When the defendant is arraigned, his name, as stated in the indictment, shall

[1]. There is no sentence as death was the punishment assessed. See Article 42.04, V.A.C.C.P.

be distinctly called; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense."

■ At the time of the arraignment appellant made no suggestion as to his true name, nor did he do so when the indictment was read to the jury or at any other time during the trial.[2] Under these circumstances he is in no position to complain for the first time in his appellate brief filed in the trial court. See Article 40.09, Sec. 9, V.A.C.C.P.; Kuykendoll v. State, 165 Tex.Cr.R. 164, 305 S.W.2d 369; Piland v. State, Tex.Cr.App., 47 S.W. 1007; Bargas v. State, 86 Tex.Cr.R. 217, 216 S.W. 172; Roberts v. State, 99 Tex.Cr.R. 492, 269 S.W. 103. See Article 26.07, n. 3, supra.

The appellant, as we understand it, does not contend he is not the person intended to be named in the indictment, but only that his last name was misspelled and should have been corrected by the trial judge. Further, as we view it, "David" and "Davis" are idem sonans. We fail to perceive injury.

Ground of error #1 is overruled.

■ Next, appellant claims the court erred in refusing to allow his counsel to withdraw as attorney of record.

On September 11, 1967, the day when the case was set for trial, the court denied the written motion of appellant's counsel to withdraw due to "differences" between such attorney and the appellant and the failure of the appellant to pay the fee set.

The following day, after the selection of the jury, appellant's counsel orally renewed his motion based on the fact he had only practiced law two years and had no experience in trying a capital felony case.

In overruling the second motion the court dictated the following into the record:

"Along that line, the Court will put this into the record. On the 25th day of July of this year this case was on the docket. You were in court and made the statement to the Court that full arrangements had not been made at that time for your employment. The Court informed you to talk to the Defendant and inform the Court whether or not arrangements were going to be made and that if not the Court would appoint an attorney to represent the Defendant. You, after talking with the Defendant that date, July 25, 1967, informed the Court that you were the lawyer, you were retained. You were the attorney of record and in addition to this you had a workmen's compensation case for him. This is the state of the record. I don't want the record to show this was a last minute thing."

The record supports the trial court's statement. Under the facts presented we cannot agree that the court abused its discretion in overruling the motions to withdraw. Schafer v. State, Tex.Cr.App., 436 S.W.2d 352; Garza v. State, Tex.Cr.App., 440 S.W.2d 860. See also Estrada v. State, Tex.Cr.App., 406 S.W.2d 448. The record before us does not support any claim of ineffective assistance of counsel. In fact, the record reflects the competency of appellant's counsel, who still represents the appellant on appeal by appointment which he agreed to accept.

Ground of error #2 is overruled.

Appellant's third ground of error is as follows: "The Defendant was materially harmed by the refusal of the trial court to grant a motion for mistrial following highly inflammatory, prejudicial remarks by the State's Attorney."

2. Appellant's counsel in oral argument before this court acknowledged he did not call the matter to the trial judge's attention, but did mention it to the court's clerk who said it was too much trouble to change it.

On re-direct examination the witness, Mrs. Moss, was asked what the appellant had said to her after he had obtained the money. She stated, without objection, "Well, let's see. He said let me feel you and I just ignored it."

Subsequently she was asked:

"All right, was that concerned with money or anything else? * * * Let me ask you directly then, did he say to you, I want to feel your pussy?"

Appellant's general objection to the question was sustained, the jury was removed and a mistrial was requested upon the basis of the leading, "inflammatory" question. The mistrial motion was overruled but State's counsel was admonished not to lead his witness.

After the jury's return and the asking of some related questions the following occurred:

"Q. Please state now what he said.

"A. He said let me feel your pussy. That's what he said, the exact words."

■ To such question and answer there was no objection and no effort made to have the evidence withdrawn from the jury. When the same question, to which an objection has been previously sustained, is asked again and answered without objection, no error is shown. Fretwell v. State, Tex.Cr.App., 442 S.W.2d 393. Further, the question and answer were entirely proper as they related to statements made by the appellant during the course of a robbery which culminated in the murder charged. Marion v. State, Tex.Cr.App., 387 S.W.2d 56.

On cross-examination appellant extensively inquired of Mrs. Moss as to why she had not testified concerning appellant's remarks at the time of the examining trial. She explained she had not been asked.

Ground of error #3 is overruled.

■ Appellant next contends the trial court erred in admitting his written confession in evidence against him.

When an objection was interposed to the confession, the court conducted a separate hearing in the absence of the jury to determine its voluntariness and admissibility in accordance with Article 38.22, V.A.C.C.P., 1967. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345.

The record reflects that when the 26 year old appellant was arrested on May 7, 1967, he was given the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 warnings by the arresting officer. Within a matter of a few minutes he was taken before a magistrate where he was warned in accordance with Article 15.17, V.A.C.C.P., 1965, then in effect, and the Miranda decision. In response to the magistrate's inquiries appellant answered that he understood the warnings and had no questions. A copy of the warnings was then given to the appellant by the magistrate. Some time thereafter the appellant was taken out of jail by an officer and asked if he understood the judge's warnings and he replied in the affirmative. He was then given the warnings required by Article 38.22, V.A.C.C.P., 1965, then in effect, after which he stated he was willing to give a statement. Such statement was completed within approximately three hours of appellant's arrest. It was read and signed by the appellant in the presence of a newspaper reporter. The State's evidence reflects that appellant made no requests of the magistrate or of the officers.

At such hearing appellant admitted he had signed the statement and made no claim that it was not voluntarily made. He merely stated he had not been given an opportunity to use the telephone or hire counsel, but did not testify that he had made a request for the same and was denied such a request.

The court's findings and conclusions that the confession was voluntarily made, in ac-

cordance with statutory procedure, the Miranda decision, and that there was an intelligent, voluntary and knowing waiver of his rights by the appellant are supported by the record.

When the issue of voluntariness was subsequently raised by the evidence before the jury, the court submitted such issue to the jury in his charge.

Ground of error #4 is overruled.

■ There is no merit to appellant's fifth ground of error that his prior conviction for rape was inadmissible at the penalty stage of the bifurcated trial. Article 37.07, V.A.C.C.P., expressly provides that a defendant's "prior criminal record," as there defined, may be introduced by the State. Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694.

■ Even if we consider that appellant's special requested charge on murder without malice was presented in accordance with Article 36.15, V.A.C.C.P., we cannot agree that there was evidence in this murder by shooting case growing out of a planned armed robbery to support the submission of the issue of murder without malice. Unless there is evidence raising such issue the trial court is under no duty to submit the issue of murder without malice. See Rayson v. State, 160 Tex.Cr.R. 103, 267 S.W.2d 153. The trial court did not err in failing to respond to appellant's special requested charge. Ground of error #6 is overruled.

Appellant's objections to the court's charge were dictated into the record and were not presented in writing as required by Article 36.14, V.A.C.C.P. In Smith v. State, Tex.Cr.App., 415 S.W.2d 206, this court held that the requirements of Articles 36.14 and 36.15, supra, would control over the provisions of Article 40.09, Sec. 4, V.A.C.C.P., giving effect to a transcription of the court reporter's notes which are certified and included in the record on appeal. See also Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Bryant v. State, Tex.Cr.

App., 423 S.W.2d 320; Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Bass v. State, Tex.Cr.App., 427 S.W.2d 624; Lusk v. State, Tex.Cr.App., 432 S.W.2d 923; Black v. State, Tex.Cr.App., 432 S.W.2d 951.

Even if the objections were properly before us for review they present no error. The objections merely re-presented the murder without malice issue and renewed "all objections stated during the trial."

Ground of error #7 is overruled.

"Where it is shown that a photograph correctly portrays what it purports to show, it is not necessary to produce the photographer who took the picture." 4 Branch's Anno.P.C., 2nd ed., Sec. 2251, p. 614. See also Williams v. State, 126 Tex. Cr.R. 42, 69 S.W.2d 759; Parish v. State, 145 Tex.Cr.R. 117, 165 S.W.2d 748; 23 Tex.Jur.2d, Evidence, Sec. 329, p. 478; Bertsch v. State, Tex.Cr.App., 379 S.W.2d 657; Cordero v. State, 164 Tex.Cr.R. 160, 297 S.W.2d 174; McMillian v. State, 92 Tex.Cr.R. 474, 244 S.W. 512; Hart v. State, 87 Tex.Cr.R. 55, 219 S.W. 821.

"Whenever a photograph portrays any facts relevant to an issue in the case it is admissible in evidence provided it is first verified by a witness as being a correct representation of such facts.

"This verifying witness need not be the photographer nor need he have any knowledge concerning the taking of the picture. What is essential is that he knows the scene or object involved and be able to state that the photograph correctly represents the facts. * * *" Texas Law of Evidence, McCormick and Ray, 2nd ed., Vol. II, Sec. 1465, p. 319.

■ Therefore appellant's complaint that State's Exhibits #1 through #6, photographs of the scene of the crime, should not have been admitted because the photographer was not called as a witness is without merit. Officer DeFoor, who arrived shortly after the shooting, testified the

photographs accurately depicted the inside and outside of the drive-in grocery and the surrounding area at the time.

As to appellant's statement in his brief that the photographs could have acted "to inflame the minds of the jurors when viewing pictures of blood spots or bullet holes," we observe that no such objection was made at the time of their admission. His complaint now comes too late. We further observe that only one of the black and white pictures has anything that might resemble blood spots and only one picture shows a bullet hole. The photographs were relevant, competent and admissible. 23 Tex.Jur.2d, Evidence, Sec. 326. See also Burns v. Beto, 371 F.2d 598 (5th Cir.).

Ground of error #8 is overruled.

In his ninth ground of error appellant complains of the trial court's refusal during the trial to remove the jury so he could make an objection. He did not inform the court of the nature of the objection or why there was a necessity for the removal of the jury. Even at this late date we are not informed. Ground of error #9 is overruled.

Appellant's tenth ground of error is that the evidence is insufficient to support the jury's verdict for the reason that there was not direct evidence to show the fatal bullet which resulted in the death of the deceased was fired by the appellant.

Mrs. Moss related the appellant fired the first shot at her father, and though he did not appear to have been struck thereby she later heard a number of shots being fired. Appellant's confession reveals that his companion, Tea, was also armed and firing at the deceased. The court charged the jury on the law of principals. Under the circumstances proof of whose bullet actually caused the demise of the deceased is not required. See Article 65, Vernon's Ann.P. C.

Ground of error #10 is overruled.

In his eleventh ground of error, appellant complains that evidence of a lineup identification of the appellant was permitted when appellant was not represented by counsel at such lineup. No objection was made to Mrs. Moss' in-court identification of the appellant. No effort was made by the State to bolster or support such testimony by evidence of any lineup identification. The appellant himself briefly elicited from Mrs. Moss and an officer-witness that she had identified the appellant at a lineup. The record reflects that the lineup occurred on May 7, 1967, prior to the effective date (June 12, 1967) of the decision of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; see Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Therefore appellant may not rely upon the Gilbert and Wade decisions, but must rely upon a claimed violation of due process. Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Cobbins v. State, Tex.Cr.App., 423 S.W.2d 589 (concurring opinion); Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Martinez v. State, Tex.Cr.App., 437 S.W.2d 842 and cases there cited. There is nothing to show that appellant was in fact without counsel at the lineup or had not waived the same, and the record does not support such a claimed violation of due process considering the "totality of circumstances" surrounding it. Stovall v. Denno, supra; Crume v. Beto, 383 F.2d 36 (5th Cir.); Graham v. State, supra; Cobbins v. State, supra.

Ground of error #11 is overruled.

Appellant also urges that prospective jurors were excluded "from the jury because of conscientious scruples against the death penalty."

Article 35.16, Sec. (b) (1), V.A.C.C.P., permits the State to challenge for cause those prospective jurors who have "conscientious scruples in regard to the infliction

of the punishment of death for crime * * *."

If it be appellant's contention that the jury was selected in violation of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, we observe that no transcription of the voir dire examination of the venire is contained in the record before us and nothing is therefore presented for review. Joseph v. State, Tex.Cr.App., 442 S.W.2d 397; Hinkle v. State, Tex.Cr. App., 442 S.W.2d 728.

In Pittman v. State, Tex.Cr.App., 434 S. W.2d 352, it was observed that the normal Texas practice does not come within the Witherspoon rule. See also Scott v. State, Tex.Cr.App., 434 S.W.2d 678; Smith v. State, Tex.Cr.App., 437 S.W.2d 835.

In oral argument appellant's counsel acknowledged that no request had been made for the voir dire examination to be taken. See Article 40.09, Sec. 4, V.A.C.C.P.

Ground of error #12 is overruled.

In his thirteenth ground of error appellant urges that death is a cruel and unusual punishment in light of the Eighth Amendment, United States Constitution. See also Article I, Sec. 13, Texas Constitution. He cites no authority supporting his claim.

The punishment for murder has been fixed by the Legislature at death or confinement in the penitentiary for life or for any term of years not less than two. Article 1257, V.A.P.C. The Legislature has also included death as a possible penalty when robbery is committed with a firearm or other deadly weapon. Article 1408, V. A.P.C.

The fixing of penalties and punishment for a felony is within the exclusive domain of the Legislature. Sasser v. State, 131 Tex.Cr.R. 347, 98 S.W.2d 211. Where the punishment assessed is within the limits authorized by law, the propriety of extent of such punishment is a matter resting solely with the jurors when they are called upon by law to assess punishment. Jacks v. State, 167 Tex.Cr.R. 1, 317 S.W.2d 731; Hunt v. State, 167 Tex.Cr.R. 51, 317 S.W.2d 743; 16 Tex.Jur.2d, Criminal Law, Sec. 19, p. 120.

For cases where the death penalty has been upheld when the murder occurred during the perpetration of a robbery see Vickers v. State, 92 Tex.Cr.R. 182, 242 S. W. 1032; White v. State, 154 Tex.Cr.R. 489, 228 S.W.2d 165.

 Ground of error #13 is overruled.

The judgment is affirmed.