**Ollie Bryant ALEXANDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42827.**

Court of Criminal Appeals of Texas.

May 13, 1970.

Bill Cannon, Houston (Court appointed on appeal only), for appellant.

Carl S. Vance, Dist. Atty., Phyllis Bell and Fred Heacock, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is felony theft enhanced under Art. 63, Vernon's Ann.P.C.; the punishment, life.

The appellant contends that the two prior felony convictions used to enhance his punishment were void because he was not represented by counsel in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.

Ct. 792, 9 L.Ed.2d 799 and Burgett v. Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 19 L.Ed.2d 319.

The appellant challenged the validity of the prior convictions used for enhancement first at a pretrial hearing on a motion to quash the enhancement portions of the indictment, and then at the punishment stage of the trial counsel for the appellant objected to the admission of the prior convictions. At the hearing on the motion to quash, the appellant testified that when he plead guilty in Cause Number 76367 on January 11, 1956 he was not represented by counsel and there was not an attorney in the courtroom at the time, that he had decided to "cop out" for three years on the advice of the older prisoners with whom he was confined in the Harris County jail and that he never had the advice of an attorney.

The appellant's testimony does not reveal that he was indigent at the time of his conviction in 1956 or that he did not waive his right to counsel.

Billy Owens, clerk of the 176th District Court in Harris County, testified that the docket sheet in Cause Number 76367 in the 174th District Court indicated that on January 11, 1967 there were four cases under the appellant's name, one of them being Cause Number 76367 and from a notation on the docket it appeared that an attorney named Goodson was appointed.

Judge Edmund B. Duggan testified as follows:

"Q You are Judge Edmund B. Duggan?

"A Yes sir.

"Q Judge of the 174th District Court here in Harris County, Texas?

"A Yes sir.

"Q Back on or about the 11th day of January, 1956 were you the Judge of the Criminal District Court of Harris County, Texas?

"A Yes sir.

"Q I show you, Judge, what has been admitted into evidence as a docket sheet of the Criminal District Court of Harris County, Texas, dated January 11, 1956. I direct your attention to the second entry on the page, one Ollie Bryant Alexander. Now, out to the left of Cause No. 76369 and just below it there is a name Goodson and the apt. underneath. Can you tell us what that is, please?

"A That was Goodson and since I know only one attorney named Goodson, I would say it is A. C. Goodson. He was appointed by the Court to represent Ollie Bryant Alexander.

"Q Now, underneath 76369, Your Honor, there are three more cases which do not have a person's name after the case number but there is an indication here. Could you tell us what this is, sir? It looks like a D. O.

"A This is Ray Clark's handwriting. He was Clerk of the court at the time. He tried to save as much time as possible. This means ditto, that Alexander pled guilty in Cause Numbers 76369, 76350, 76367 and 76368 and also that Goodson represented him on all four cases.

"Q On all four cases?

"A Uh huh.

"Q Now, I notice a couple of pages up, Your Honor, on this same date which would be January 11, 1956 there is an unrelated case here, Billy Ray McBee. I see Goodson's name by that which would indicate Goodson was in the court on another case that date?

"A Yes, but this does not show by appointment.

"Q But he was apparently in court on January 11, 1956?

"A Yes sir, according to Ray Clark's notation here on the left hand column of the docket sheet."

In addition State's Exhibit No. 3, the judgment in Cause No. 76367, states that the appellant "appeared in person and by counsel."

Testifying at the hearing on the motion to quash, Billy Owens testified that in Cause No. 110390, the State of Texas versus Ollie Bryant Alexander the judgment of the court reflects that the appellant was represented by the attorney, Celia Nathan, and that the docket sheet in that cause reflects that the appellant was represented by Celia Nathan.

On cross-examination of witness Owens the appellant established that in Cause No. 110390 the appellant was not represented by counsel at the examining trial, but there was no evidence that the testimony elicited at the examining trial was used in any manner at the trial on the merits.

The appellant did not testify about Cause Number 110390 at the hearing on the motion to quash.

The only evidence introduced in support of his contention that the prior convictions alleged for enhancement were void was the testimony of the appellant concerning Cause Number 76367 at the hearing on the motion to quash the enhancement portions of the indictment.

The trial court did not err in admitting in evidence the prior convictions alleged for enhancement over the appellant's objection that he was not represented by counsel at the prior convictions. Johnson v. State, Tex.Cr.App., 432 S.W.2d 98; Schafer v. State, Tex.Cr.App., 436 S.W.2d 352; Walling v. State, Tex.Cr.App., 437 S.W.2d 563; Hasley v. State, Tex.Cr.App., 442 S.W.2d 739.

The judgment is affirmed.