Charles Frank FOWLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43165.

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Guy H. McNeely, Wichita Falls (Court appointed on Appeal), for appellant.

Jim Phagan, Dist. Atty., Z. D. Allen, Asst. Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by a prior conviction for burglary of a private residence at night, 12 years. (Art. 62, Vernon's Ann.P.C.)

Trial was before a jury on a plea of not guilty. The jury found appellant guilty and, the prior conviction alleged for enhancement having been proved to the court in a separate hearing, the court assessed the punishment.

The sole ground urged for reversal by appellant's court appointed counsel on appeal is bottomed on the fact that on the day of the trial the court appointed an attorney to represent the defendant, no waiver as required by Art. 26.04 Vernon's Ann. C.C.P. (formerly Art. 494 C.C.P.) having been filed.

The record reflects that Hon. Stanley Vickers, the attorney appointed by the court on January 12, 1970, to represent appellant, had made bond for him and agreed to represent appellant at his trial; that when the case was called for trial on January 12, 1970, the court was informed by Mr. Vickers that appellant had not co-operated with him and had not paid his fee. The state announced to the court that its witnesses had been subpoenaed and were present and the state was ready for trial.

The court advised Mr. Vickers that he would not permit him to withdraw as attorney in the case but would appoint him for the trial in order that he could be paid something for his services. The case then proceeded to trial without objection from appellant or his attorney.

Appellant remained on bond made by his attorney until after the trial had concluded and judgment was entered.

The trial court did not abuse his discretion in refusing to permit Mr. Vickers to withdraw as counsel, and was under no duty to appoint counsel or to allow Mr. Vickers additional time to prepare for trial under the terms of Art. 26.04, supra. Schafer v. State, Tex.Cr.App., 436 S.W. 2d 352.

The judgment is affirmed.