ACCEPTED
14-15-00300-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 10:44:49 AM
CHRISTOPHER PRINE
CLERK

# Case Number: 14-15-00300-CR
# Case Number: 14-15-00301-CR

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 10:44:49 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE

# 14th DISTRICT OF TEXAS

# AT HOUSTON

---

## LASHONDA DEON JONES
### Appellant,
## V.

## THE STATE OF TEXAS
### Appellee

---

## Appealed from the 221st Judicial District Court
## Montgomery County, Texas
## Cause 15-01-00219-CR ct. 1 and 2

---

# LASHONDA DEON JONES'S APPELLANT'S BRIEF

# IDENTITIES OF PARTIES AND COUNSEL

JUDGE:
Honorable Lisa Michalk
Montgomery County Courthouse
301 North Main Street
Conroe, Texas 77301
Phone: 936-538-8133

PROSECUTORS:
Mrs. Monica A. Cooper
Assistant District Attorney
SBOT No. 24071344 -and-
Mrs. Sheri B. Culberson
Assistant District Attorney
SBOT No. 24012288
Montgomery County District
Attorney's Office
207 West Phillips, Second Floor
Conroe, Texas 77301
Phone: 936-539-7800

DEFENSE COUNSEL:
Mr. Joseph W. Krippel
SBOT No. 24007515
24420 FM 1314, Suite 9
Porter, Texas 77365
Phone: 936-232-0073

APPELLANT:
Mr. LASHONDA DEON JONES
#1999529
Plane State Jail
904 FM 686
Dayton, Texas 77535

APPELLANT'S ATTORNEY:
Mr. Austin D. Black
Law Office of Austin D. Black
SBOT No. 24050018
215 Simonton Street
Conroe, Texas 77301
Phone: 936-242-7601

APPELLEE'S ATTORNEY:                    Mr. Brett Ligon
                                        District Attorney
                                        Montgomery County District
                                        Attorney's Office
                                        SBOT No. 00795966
                                        207 West Phillips
                                        Conroe, Texas  77301
                                        Phone: 936-539-7800

## INDEX OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738 (1967) ................................................................. 5, 6, 10

*McCoy v. Court of Appeals*, 486 U.S. 429 (1988) ............................................................. 7

*Penson v. Ohio*, 488 U.S. 75 (1988) ................................................................................. 10

*Schmerber v. California*, 384 U.S. 757, 764, 86 S. Ct. 1826, 1832, 16 L. Ed. 2d 908 (1966); *Tea v. State*, 453 S. W. 2d 179, 181 (Tex. Crim. App. 1970)......................9

*Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005) ........................................... 6, 10

*High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978) ............................... 5, 6

*Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)..................................9

*Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).* ..........................7

*Salazar v. State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).* .................................7

*Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *cert. denied*, 498 U.S. 951, 112 L. Ed. 2d 333, 111 S. Ct. 371 (1990)...............................................................8

*Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.-Waco 1994, pet. Ref'd) (quoting *McCoy*, 486 U.S. at 436.). ............................................................................7

*Theus v. State,* 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). .................................7

*Wilson v. State*, 955 S.W.2d 693, 695 n. 2 (Tex. App.-Waco 1997, no pet.) (quoting *High*, 573 S.W.2d at 813). ............................................................................6

**Statutes and Treatises**

Texas Rules of Evidence §901...............................................................................8

DIX & DAWSON §38.148.....................................................................................10

## ISSUES PRESENTED

After a careful review of the record, Counsel for Appellant has identified no appellate issues that would persuade a court of appeals.

## STATEMENT OF THE CASE

Appellant was charged by indictment for one count of the felony offense of Possession of a Controlled Substance, alleged to have been committed on or about May 14, 2014 pursuant to Texas Penal Code §481.115.[1] In the second count Appellant was charged by indictment for Tampering with Physical Evidence, alleged to have been committed on or about May 14, 2014 pursuant to Texas Penal Code §37.09.[2]

On January 28, 2015, a jury found the Appellant guilty of both offenses.[3]

On January 29, 2015, the judge sentenced the Appellant to forty-five (45) years confinement in the Texas Department of Criminal Justice, Institutional Division in each case to run concurrently.[4]

Written Notice of Appeal was timely entered of record, and the Appellant files his brief on the merits.[5]

## STATEMENT OF FACTS

In May of 2014 a couple of women kept renting out rooms and then a few days later asking to switch rooms at the Econo Lodge in Conroe, Texas.[6] The owner contacted a Narcotics Officer that he had regular contact with when reporting issues he notices at

---

[1] Clerk's Rec. Vol. I, at 43.
[2] Clerk's Rec. Vol. I, at 43.
[3] Clerk's Rec. Vol. I. at 123-25.
[4] Clerk's Rec. Vol. I. at 122.
[5] Clerk's Rec. Vol. I. at 128.
[6] Reporter's Rec. Vol. IV, at 35.

his hotel.[7] Officer Foxworth was informed of an inordinate amount of foot traffic occurring in the rooms and he ran the names of the individuals that had rented the room and discovered they had narcotics history.[8] Officer Foxworth then ran his narcotics dog on Room 136 that was rented to Lashonda Jones and the dog alerted to the presence of narcotics at that location.[9] Officer Foxworth then requested and received a warrant from a Montgomery County Judge and took it to the location to execute it.[10] Officer Foxworth uses the key card he received from the owner to open the door to the room and Appellant was on the other side of the door trying to force it back closed.[11] At this same time Officer Foxworth sees Appellant stuffing something into her shirt.[12] After everyone in the room was subdued a female officer was called to search Appellant, at which time a Scope bottle containing PCP was discovered in the bra area of Appellant.[13]

## SUMMARY OF THE ARGUMENT

Counsel for Appellant has reviewed the appellate record and has found that there are no arguable grounds for advancing an appeal.[14] There is no reversible error upon which an appeal can be predicated[15]. Under controlling authority, there are no errors in the trial court's judgment.[16]

---

[7] Reporter's Rec. Vol. IV, at 34.
[8] Reporter's Rec. Vol. IV, at 36.
[9] Reporter's Rec. Vol. IV, at 46.
[10] Reporter's Rec. Vol. IV, at 48-51.
[11] Reporter's Rec. Vol. IV, at 56-57.
[12] Reporter's Rec. Vol. IV, at 59.
[13] Reporter's Rec. Vol. IV, at 74.
[14] See *Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n. 3.
[15] *Anders*, 386 U.S. at 744-45.
[16] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

Possible grounds for appeal in this case are limited to a possible abuse of discretion in admitting evidence as well as error in allowing the State, over Appellants objection, to take her fingerprints in open court during the punishment phase in order to establish the admissibility of pen packets showing prior convictions. The only theories that Appellant's attorney can discover after a conscientious review of the record and the law are arguments that cannot conceivably persuade the appellate court. Further, counsel can identify no potentially arguable issues.

## ARGUMENT

When appointed counsel files an *Anders* brief, a Court of Appeals is to conduct an independent review of the record to determine whether there are any arguable grounds for appeal.[17] If an *Anders* brief raises potentially arguable issues, the reviewing court's "duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."[18] A Court of Appeals is not required to review the merits of each claim raised in an *Anders* brief.

Any issue that is "arguable on [the] merits" is, by definition, not frivolous.[19] The United States Supreme Court has defined a "wholly frivolous" appeal as one that "lacks any basis in law or fact."[20] "An appeal is 'frivolous' when 'the trial court's ruling[s were] correct' or 'the appellant was not harmed by the ruling[s].'"[21] Once counsel has determined that an appeal is frivolous, counsel must file a brief identifying anything in

---

[17] See *Stafford*, 813 S.W.2d at 511.
[18] *Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).
[19] See *Anders*, 386 U.S. at 744.
[20] *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n. 10 (1988).
[21] *Wilson v. State*, 955 S.W.2d 693, 695 n. 2 (Tex. App.–Waco 1997, no pet.) (quoting *High*, 573 S.W.2d at 813).

7

the record that might arguably support the appeal and discussing either why the trial court's rulings were correct or why the appellant was not harmed by the rulings.[22] "If the only theories that the attorney can discover after [a] conscientious review of the record and the law are 'arguments that cannot conceivably persuade the court,' then the appeal should be considered frivolous."[23]

## I. A Claim That the Chain of Custody of the Narcotics Was Not Established Would Not Succeed on Direct Appeal

### A. Standard of Review

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion.[24] "[A]s long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede."[25] Trial courts are afforded wide latitude in their decisions to admit or exclude evidence.[26]

### B. Under Court of Criminal Appeals Precedent, the Court Did Not Err in Admitting the Narcotics

Appellant's attorney objected to the introduction of exhibit 90 and 90A, which were a 12 by 15 yellow envelope along with the scope bottle containing the narcotics.[27] The exhibits were admitted during the testimony of Laurie Raesz, a Forensic Chemist at the Texas Department of Public Safety in Houston.[28] Appellant's Counsel argued that the

---

[22] *Id.*

[23] *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.–Waco 1994, pet. Ref'd) (quoting *McCoy*, 486 U.S. at 436).

[24] See *Salazar v. State*, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).

[25] *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

[26] *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).

[27] Reporter's Rec. Vol. V, at 142.

[28] Reporter's Rec. Vol. V, at 143.

exhibits were inadmissible because the State did not prove the first step in the chain of custody by bringing whoever secured the evidence and initialed it securing it within the chain of custody.[29]

Texas Rule of Evidence 901(a) provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[30] It is well settled that minor theoretical breaches in the chain of custody go to the weight rather than the admissibility of the evidence.[31] Proof of the beginning and end of the chain will support admission of the evidence barring any showing of tampering or alteration.[32]

Officer Melchor admitted that she did not mark the narcotics or place them in an evidence bag.[33] Those facts would not render the exhibits inadmissible absent a showing by appellant or tampering or alteration.[34] Officer Melchor testified that she was able to identify the Scope bottle and its contents as those recovered from Appellant on the day in question.[35] Thus, the Court acted correctly in admitting the evidence over the objection of counsel.

---

[29] Reporter's Rec. Vol. V, at 129.

[30] See Tex R. Evid. 901(a).

[31] *DeLeon V. State*, 505 S.W.2d 288, 289 (Tex. Crim. App. 1974).

[32] *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *cert. denied*, 498 U.S. 951, 112 L. Ed. 2d 333, 111 S. Ct. 371 (1990).

[33] Reporter's Rec. Vol. V, at 117.

[34] See *Stoker*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *cert. denied*, 498 U.S. 951, 112 L. Ed. 2d 333, 111 S. Ct. 371 (1990).

[35] Reporter's Rec. Vol. V, at 115.

## II. There Was No Error in the Trial Court Ordering the Appellant to Provide Fingerprints in Open Court

The Court instructed the State to have their investigator fingerprint the Appellant in open court in order to have comparisons for penitentiary packets.[36] Appellant's attorney objected due to lack of notice being given by the State.[37] The Court on its own motion ordered that the investigator proceed with the fingerprinting and overruled the objection of counsel.[38]

To establish that a defendant has been convicted of a prior offense, the State must provide beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction.[39] The State may prove both of these elements in several ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.[40]

The taking of fingerprints for identification purposes is not a violation of the accused's rights under the Fifth Amendment.[41] "[T]he most common method of proving

---

[36] Reporter's Rec. Vol. VI, at 64.
[37] Reporter's Rec. Vol. V, at 64.
[38] Reporter's Rec. Vol. VI, at 65.
[39] *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).
[40] *Id.* at 921-22.
[41] *Schmerber v. California*, 384 U.S. 757, 764, 86 S. Ct. 1826, 1832, 16 L. Ed. 2d 908 (1966); *Tea v. State*, 453 S. W. 2d 179, 181 (Tex. Crim. App. 1970).

identity is by fingerprint comparison. This method usually entails taking the fingerprints of the defendant during the trial."[42]

## CONCLUSION AND PRAYER

Appellant prays that this Court conduct a "full examination of all the proceedings to decide whether the case is wholly frivolous."[43] Should the Court find that the case is wholly frivolous, Appellant's counsel prays that he be allowed to withdraw as counsel.[44]

Respectfully Submitted,

Law Office of Austin D. Black
215 Simonton Street
Conroe, Texas 77301
(936) 524-3124 Telephone
(936) 756-3539 Facsimile
Email: adb@yourconroeattorney.com

By: _____
Austin D. Black
State Bar No. 24050018
Attorney for Appellant
LASHONDA DEON JONES

---

[42] DIX & DAWSON, §38.148.
[43] *Penson v. Ohio*, 488 U.S. 75, 80 (1988), *Bledsoe*, 178 S.W.3d at 827-28.
[44] *Anders*, 386 U.S. at 744.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Appellant's Brief was delivered vis e-file to the Montgomery County District Attorney's Office, at 207 W. Phillips, Conroe, Texas 77301, on the September 28, 2015.

_____

Austin D. Black